HEFFERNAN, *Appellant*, v. HOWELL *et al.*

**Practice**; DEMURRER: LIMITATIONS: ACTION TO VACATE JUDGMENT. Where, in an action to vacate a judgment on the ground that it was fraudulently obtained, and to divest defendants of their title acquired under the judgment, it appeared on the face of the petition that more than twenty years had elapsed since the right of action accrued, a demurrer to it was properly sustained, no reason being alleged why the action was not commenced within the time prescribed by the statute.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*F. S. Heffernan pro se.*

It is contended by the appellant that, if the allegations in his petition are true, as stated, which by the pleadings are confessed, no title passed, and that Charles Carlton, nor his grantees, are, or could be, in any way affected by the statute of limitations, and they, or any one of them, could not be charged with laches if the appellant, or his grantors, through long lapse of time

had failed to assert his title. It could only be done by enclosing the lands, which are still remaining unin-closed. But the appellant now deems it safer to his title that the defendant's cloud of title be removed. The presumptions of law are, that the plaintiffs are in legal possession. Constructive possession always follows the person who has the legal title. *Griffith v. Schwender-man*, 27 Mo. 412. When premises are wholly vacant, adverse possession follows the true title. *Turner v. Baker*, 64 Mo. 218. The law deems every person to be in the legal seizure and possession of land to which he has a perfect and complete title; and the seizure and possession are co-extensive with his right, and continue until he is ousted by an actual possession in another, under a claim of right. Angell on Limitations, 376, 377.

*Howell & Hubbard* for respondents.

NORTON, J.—The only question involved in this appeal is, whether or not the action of the circuit court in sustaining a demurrer to plaintiff's petition was proper or not. Plaintiff, by his petition, seeks to vacate and set aside a judgment, rendered by the Greene county circuit court, in February, 1863, against one Charles Carlton, on the ground that it was fraudulently ob-tained; and also seeks to have divested the title of defendants Howell and Wade, acquired by reason of a sale of said Carlton's land, made in February, 1863, by virtue of an execution which issued on said judgment. It appears, on the face of the petition, that the right of action set up therein, to have said judgment vacated, accrued in February, 1863, and that this suit was not commenced till in May, 1883, more than twenty years having elapsed since the accrual of the right of action and the institution of the suit. The demurrer was properly sustained for that cause, if for no other, no

reason or excuse whatever being alleged in the petition why the action was not commenced within the time prescribed by the statute for bringing the suit. *Kelly v. Hurt*, 61 Mo. 463.

Judgment affirmed. All concur.