### RATICAN v. TERMINAL R. ASS'N OF ST. LOUIS.

### KINNAVEY v. SAME.

(Circuit Court, E. D. Missouri. E. D.    March 11, 1902.)

#### Nos. 3,969, 3,970.

1. LIMITATIONS—ACTIONS BASED ON INTERSTATE COMMERCE ACT.

The interstate commerce act prescribes no limitation of time within which actions based thereon shall be instituted, and therefore such actions must be governed, as to limitation, by the statutes of the state wherein they are brought.

2. SAME—PLEADING STATUTE—DEMURRER.

The bar of limitations may be invoked by demurrer in a federal court in an action at law in all cases where it could be done under the statutes of the state, and where such is the practice the petition or complaint must contain a statement of any matter relied on to avoid the running of the statute.

3. SAME—MISSOURI STATUTE—ACTION TO RECOVER PENALTY.

In view of Rev. St. Mo. 1899, § 4292, contained in chapter 48, relating to the limitation of actions generally, which provides that "the provisions of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute," the provision of section 4290, found in the same chapter, which extends the time for the commencement of an action when the same has been prevented by some improper act of the defendant, has no application to an action brought to recover a penalty under a statute, which is limited by section 2425, relating to criminal and penal actions.

4. SAME—PLEADING IN ANTICIPATION OF DEFENSE—SUFFICIENCY OF ALLEGATIONS.

An allegation in plaintiff's petition in an action against a railroad company, based on section 2 of the interstate commerce act, to recover damages for discrimination in rates, in effect, that defendant announced publicly at the time of the shipments complained of that it made no discrimination in rates, and that plaintiff did not learn of the falsity of such statement until shortly before the action was commenced, does not state sufficient facts to suspend the running of limitations against the action, under the provision of Rev. St. Mo. 1899, § 4290, which extends the time when the action was prevented by some improper act of defendant, where there is no allegation that plaintiff believed and relied on defendant's announcement, or that he exercised diligence to ascertain the facts.

**5. SAME—STATUTE GOVERNING—ACTION TO RECOVER DAMAGES UNDER INTER-STATE COMMERCE LAW.**

The interstate commerce act is a penal statute, and an action to recover damages for a violation of section 2, prohibiting discrimination in rates, is one to recover money in the nature of a penalty, and, when brought in Missouri, is governed, as to limitation, by Rev. St. Mo. 1899, § 2425, which requires actions "upon any statute for any penalty or forfeiture, given in whole or in part to the party aggrieved," to be brought within three years.

At Law. Action under interstate commerce act to recover damages for discrimination in rates. On demurrer to amended petition.

F. A. Wind and C. G. B. Drummond, for plaintiff.

McKeighan, Barclay & Watts and H. S. Priest, for defendant.

ADAMS, District Judge. The petition in this case is based upon section 2 of the interstate commerce act (24 Stat. 379). That section is as follows:

"If any common carrier subject to the provisions of this act shall, directly or indirectly, by any special rate, rebate, drawback, or other device, charge, demand, collect or receive from any person or persons a greater or less compensation for any service rendered or to be rendered in the transportation of passengers or property, subject to the provisions of this act, than it charges, demands, collects, or receives from any other person or persons for doing for him or them a like and contemporaneous service in the transportation of a like kind of traffic under substantially similar circumstances and conditions, such common carrier shall be deemed guilty of unjust discrimination, which is hereby prohibited and declared to be unlawful."

Plaintiff alleges in the separate counts of his complaint that at divers times between the 1st day of May, 1891, and the 1st day of October, 1892, he was engaged in the business of coal merchant in the city of St. Louis, and that during the same period the Consolidated Coal Company was also engaged in the same business at the same place; that between the dates aforesaid the defendant, as common carrier, at his request, transported from East St. Louis, Ill., to plaintiff's switch in the Union Depot yards in St. Louis a large quantity of coal, the same being specifically set forth in the petition; that the defendant charged the plaintiff, and plaintiff paid to the defendant, for such service, at the rate of 30 cents per ton; that during the same period defendant performed like service in the transportation of coal under substantially similar circumstances and conditions for the Consolidated Coal Company, and charged the last-named company for the same service 25 cents per ton only; that thereby the defendant was guilty of unjust discrimination against plaintiff, and violated section 2 of the interstate commerce act, hereinbefore set forth. Plaintiff's suit was instituted June 26, 1896, —more than three years after the alleged wrongful act of the defendant.

The foregoing facts appearing in the complaint, the defendant demurs thereto on the ground, among others, that each and all of the alleged causes of action set forth in the petition accrued more than three years prior to the filing of the original petition herein, and are barred by the statute of limitations of the state of Missouri in such case made and provided. Section 2425, Rev. St. Mo. 1899, provides as follows:

"All actions upon any statute for any penalty or forfeiture. given in whole or in part to the party aggrieved, shall be commenced within three years after the commission of the offense, and not after."

This statutory provision was in force, as section 4005, Rev. St. 1889, at the time plaintiff's cause of action accrued. It is contended by the defendant that the foregoing statute of limitation is an effectual bar to plaintiff's right of recovery in this case. Whether such contention is sound is the proposition now to be considered.

The interstate commerce act prescribes no limitation of time within which actions based thereon shall be instituted. Such being the case, the statute of limitations of the state in which the action is brought must apply and control. Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316; Metcalf v. City of Watertown, 153 U. S. 671, 14 Sup. Ct. 947, 38 L. Ed. 861; Balkam v. Iron Co., 154 U. S. 177, 14 Sup. Ct. 1010, 38 L. Ed. 953; Campbell v. City of Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280.

Under the Code of Civil Procedure of Missouri, the ancient distinction between legal and equitable actions is abolished, and but one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs is recognized. The petition must contain a plain and concise statement of the facts constituting a cause of action, and a demurrer is the recognized pleading to test the sufficiency of the facts stated in the petition to constitute such cause of action. The demurrer must distinctly point out the grounds of objection to the petition. Sections 539, 598, 599, Rev. St. Mo. 1899. The foregoing provisions of the Code have been held by the supreme court of Missouri to permit a defendant to invoke the protection of the statute of limitations of the state by demurrer. Boyce v. Christy, 47 Mo. 70; Henoch v. Chaney, 61 Mo. 129; Heffernan v. Howell, 90 Mo. 344, 2 S. W. 470. Such being the construction placed upon the provisions of the Code by the supreme court of the state, the federal courts are bound thereby.

The supreme court of the United States, in Bank v. Lowery, 93 U. S. 72, 23 L. Ed. 806, had occasion to consider the question of practice now before the court. It arose in a case from Wisconsin, where the provisions of the Code of Practice were quite similar to those of Missouri already adverted to, and the conclusion was there reached that the courts of the United States will permit a defendant to invoke the protection of the statute of limitations by a demurrer in all cases where the same could be done under the statutes of the state in which the action arose. The court there said, adverting to the contention that there might be exceptions which would take the plaintiff's cause of action out of the statutes, as follows:

"If the plaintiff relies on a subsequent promise or on a payment to revive the cause of action, he must set it up in the original complaint, or ask leave to amend. Without this precaution the complaint is defective, in not stating, as required by the statutes, facts sufficient to constitute a cause of action. But although defective, advantage cannot be taken of the defect on motion, or in any other way than by answer, which answer, however, we have seen, may be a demurrer."

Following the intimation of the foregoing opinion, counsel for plaintiff in this case undertook to plead facts in the petition to avoid the running of the statute of limitations. The averment is as follows:

"Plaintiff further states that it was publicly announced by defendant during said period that all coal dealers were paying the rate charged and paid by plaintiff for said services, and plaintiff did not learn that said representations were false, and that he was being unjustly discriminated against as aforesaid, until, to wit, the 1st day of March, 1896, when the fact was elicited by a committee appointed by the legislature of the state of Illinois, and reported in the daily press."

Plaintiff's counsel contends that the foregoing averment brings his case within the provision of section 4290, Rev. St. Mo. 1899, which reads as follows:

"If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

This last section is found in chapter 48 of the Revised Statutes, relating to the limitations of actions generally. Defendant's counsel contends that the last-quoted section has no application to the statute of limitations which he invokes, found in a different chapter of the statutes, under article 11, concerning limitations of criminal actions and prosecutions, which contains section 2425, already quoted as relied upon by defendant's counsel, namely:

"All actions upon any statute, for any penalty or forfeiture given in whole or in part to the party aggrieved, shall be commenced within three years after the commission of the offense, and not after."

There is much reason in the contention of the defendant's counsel on this proposition. Section 4290, supra, by its terms, relates to the commencement of such actions as are "herein" limited, and refers, obviously, to those personal actions which are the subject-matter of article 2 of chapter 48, under consideration. Moreover, section 4292 of the same statutes enacts as follows:

"The provisions of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

It seems obvious from plain reading of the foregoing section that section 4290, exonerating the plaintiff from the effects of the general statute of limitations in case the defendant has been guilty of some improper act which has prevented commencement of an action, has no relevancy to an action upon a statute for a penalty or forfeiture, referred to in section 2425, supra, because such actions are, in the language of section 4292, "otherwise limited," namely, they must be commenced within three years after the commission of the offense, "and not after." Such is the conclusion reached by the supreme court of Missouri in Revelle v. Railway Co., 74 Mo. 438. But if section 4290, supra, which extends the time for the commencement of an action when the same has been prevented by the defendant's improper act, is applicable to an action founded upon a penal statute, the plaintiff is not at all relieved. The allegation of the petition obviously intended to excuse the delay in instituting the suit, already quoted, fails to disclose any such improper act on the part of the defendant

as should have prevented the commencement of the action. The substance of the allegation is that the defendant, during the time it was performing the services for the plaintiff already referred to, announced publicly that all coal dealers were paying the same rate as that charged and paid by plaintiff for the services rendered, and that plaintiff did not learn that that public announcement was false until a short time before he instituted his suit. This allegation, when reduced to its plain and simple meaning, is certainly no broader or more comprehensive than would have been the averment that the defendant told the plaintiff that it was treating everybody alike. This certainly does not constitute an "improper act" contemplated by section 4290, supra. There is not even an averment here that the plaintiff believed the statement contained in defendant's public announcement, or relied upon the same, or that he exercised any diligence to ascertain the falsity of the fact stated. The supreme court of Missouri, in Shelby Co. v. Bragg, 135 Mo. 291, 36 S. W. 600, in dealing with this subject, says:

"Statutes of limitation are favored in the law, and cannot be avoided unless the party seeking to do so brings himself directly within some exception. A party seeking to avoid the bar of the statute of limitations because of the fraud must aver and show that he used due diligence to detect it, and, if he had the means of discovery in his hands, he will be held to have known it."

The case of Murray v. Railway Co., 35 C. C. A. 62, 92 Fed. 868, was based on section 2 of the interstate commerce act, to recover damages against the railroad for unjust discrimination. The plaintiff, in his petition, after setting forth the difference in the tariff rates charged to him and the lower rates charged to other shippers, with a view of excusing his delay in instituting suit for the recovery of the damages, and thus avoiding the statute of limitations, alleged as follows:

"That defendant, at the time these shipments were made by plaintiff, kept posted at its stations freight tariff lists showing the tariff rates of freight for the transportation of such articles from its stations to Chicago, and informed plaintiff at the time he made his shipments that no deviations were made from these rates, and no rebates, drawbacks, or concessions from the posted rates were made to any shippers, and that plaintiff had equal rates and proportions of rates with other shippers from its stations to Chicago, and that no discriminations were made against him; that plaintiff believed these statements and relied on them, but that they were untrue and fraudulent, and that defendant was in fact at that time making such discriminations in favor of other shippers; that defendant fraudulently concealed that fact as to the giving of rebates; that plaintiff only ascertained the facts within 18 months before bringing suit."

To this petition there was a demurrer on the ground that the action was barred by the statute of limitations. The demurrer was sustained, and final judgment entered in favor of the defendant. Judge Caldwell, in delivering the opinion of the court of appeals in that case, made use of the following language:

"In cases where concealment and ignorance of the facts suspend the statute, there must have been such concealment as would prevent a person exercising due diligence from discovering the facts; and what diligence was used is a question of law, to be determined by the court from the petition, and not a mere statement of a conclusion of law. The allegation of the petition

Is that 'the plaintiff had no reason to believe or suspect that said statements made to him as aforesaid were untrue, or that he had been discriminated against, and deceived as aforesaid, until within the eighteen months last past, when for the first time he learned of such facts.' Just such a general allegation as this was held bad in Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807, where the rule on this subject is succinctly and clearly stated. 'Statutes of limitations,' says the court, 'are vital to the welfare of society, and are favored in the law. They promote repose, by giving security and stability to human affairs. While time is constantly destroying the evidence of rights, they supply its place by presumption which renders proof unnecessary. * * * A general allegation of ignorance at one time and of knowledge at another is of no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner. * * * Whatever is notice enough to excite suspicion, and put the party on his guard, and call for inquiry, is notice of everything to which such inquiry might have led. * * * Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry. There must be reasonable diligence, and the means of knowledge are the same thing, in effect, as knowledge itself. The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence.' The allegation in the petition in this case amounts to no more than 'ignorance at one time and knowledge at another.' The petition does not state what he discovered, how he discovered it, or show any reason why he did not discover it sooner. There is no allegation that he ever at any time made the slightest effort to discover whether he was being discriminated against, and there is no averment that such an effort would have been unavailing. The suspicion entertained by the public generally, and which found daily expression in the public prints, and an occasional judicial verification, and which was probably the origin of the interstate commerce act itself, that railroad companies did discriminate between shippers, particularly in shipments of the character the plaintiff was making, seems not to have shaken the plaintiff's perfect faith in the veracity of the railroad agent who billed his shipments."

The judgment of the trial court was therefore affirmed.

The petition in that case certainly stated all and much more than is stated in the present case, by way of showing concealment or wrongful act on the part of the defendant, such as would operate to suspend the running of the statute. On the authority of that case, and of others therein cited, the conclusion is unhesitatingly reached that plaintiff has stated no grounds in his petition for suspending the running of the statute of limitations in favor of the defendant.

The only question now remaining for determination is whether plaintiff's action in this case is upon a statute for a penalty given in whole or part to the party aggrieved, and therefore, within the purview of section 2425, Rev. St. Mo. 1899, barred by the lapse of three years' time, which intervened before this action was brought. The plaintiff, in direct terms, bases his right of recovery on the interstate commerce act (section 2), which declares discrimination between shippers for services in the transportation of like kind of traffic under substantially similar circumstances and conditions to be an unlawful act, and declares that any carrier indulging in any such discrimination shall be deemed guilty of unjust discrimination. Section 8 of the interstate commerce act makes any such common carrier liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions

of the act, together with a reasonable counsel or attorney's fee to be fixed by the court in every case of recovery. Section 10 of the same act subjects any common carrier, and also the officers, agents, and directors of any such common carrier, to a fine not exceeding $5,000 for each offense. Accordingly it may be safely stated that the act in question is a highly penal statute, conferring certain rights upon the party aggrieved, recoverable by him in a civil action, and also subjecting the party offending to its pains and penalties. The supreme court of the United States, in Parsons v. Railroad Co., 167 U. S. 447, 17 Sup. Ct. 887, 42 L. Ed. 231, has finally and conclusively settled this question. That case was one wherein the plaintiff sought to recover damages against the railroad under the interstate commerce act. The supreme court disposed of that case by holding that the interstate commerce act was a penal statute, and that the action of the plaintiff thereon was to recover money in the nature of a penalty. See, also, to the same general effect, the case of Revelle v. Railway Co., supra.

It follows as a necessary consequence from the foregoing that plaintiff, by postponing the institution of his suit for a longer period than three years after his cause of action accrued, is barred from recovery by the statute of limitations applicable to the case, and that the demurrer of the defendant to the petition for that specific reason is well taken. The demurrer is sustained.