Yazoo & Mississippi Valley Railroad Company *v.* Willis.

[71 South. 563.]

Charges. *Carriage of goods.  Carriers.  Limitation of actions.*

> Under the federal law (Act Feb. 4, 1887, ch. 104, 24 Stat. 379), requiring common carriers of interstate commerce to charge and collect freight rates according to the tariff schedules fixed by the interstate commerce commission and giving a carrier a right of action, where the amount charged did not equal the rate fixed by the interstate commission, such right of action is controlled by the state law, and the state statute of limitations being the law of the forum applied and will bar a recovery as upon other claims.

Appeal from the circuit court of Hinds county.

Hon. E. L. Brien, Special Judge.

Suit by the Yazoo & Mississippi Valley Railroad Company against Floyd Willis. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*Watkins & Watkins,* for appellee.

Holden, J., delivered the opinion of the court.

The appellant railroad company, plaintiff in the court below, sued the appellee, Floyd Willis, defendant in the court below, and from a judgment in favor of appellee it prosecutes this appeal.

## Statement of Facts.

The agreed statement of facts is here set out:

"Floyd Willis, the defendant herein, was a cotton dealer in the city of Jackson, Miss., and on October 23, 1906, he shipped over the Yazoo & Mississippi Valley Railroad Company's line one hundred bales of cotton from said city of Jackson to Williamsville, Mass., shipper's order notify Woodward & Stillman, New York City, the said cotton weighing fifty-one thousand, two hundred pounds, subject to correction marked 'S. H. E.' as per original bill of lading hereto attached and marked Exhibit A. The freight was prepaid on the said shipment, and amounted, as paid, to the sum of two hundred and ninety-six dollars and ninety-six cents.

"The tariffs of the carriers handling the said shipment were filed with and approved by the Interstate Commerce Commission at Washington, and were so filed at the time of the said shipment, and said tariffs were published in the office of the plaintiff at Jackson, Miss., as required by law, and the correct amount of freight upon the said shipment from Jackson, Miss. to Williamsville, Mass., was the sum of three hundred and forty-eight dollars and sixteen cents, as shown by the said tariffs, and not two hundred and ninety-six dollars and ninety-six cents, as collected by the agent at Jackson, Miss., the said rate as so shown by the said tariffs being sixty-eight cents per one hundred pounds, instead of fifty-eight cents per one hundred pounds, as charged and collected by the said agent. The agent at Jackson, Miss., of the plaintiff was acting in good faith in collecting the said amount of freight and likewise, in good faith, was in error in quot-

ing a rate of fifty-eight cents to the defendant, instead of the correct rate of sixty-eight cents.

"That Floyd Willis had an order from Williamsville, Mass., for one hundred bales of cotton; that before making a price thereon he inquired of the agent of the plaintiff company the rate on said cotton to said point, and was informed that the rate was fifty-eight cents per one hundred pounds; that said Floyd Willis, as a matter of fact, was ignorant of said rate, and quoted to the purchaser in Massachusetts the cotton at a price based on the freight rate of fifty-eight cents per one hundred pounds, and in quoting said price based on a rate of fifty-eight cents per one hundred pounds, and on paying said rate did so in perfect good faith believing that to be the proper rate. The difference between the freight collected and that which should have been collected is fifty-one dollars and twenty cents, and it is agreed that the plaintiff's agent at Jackson, Miss., should have collected the additional sum of fifty-one dollars and twenty cents, sufficient to make the correct freight charge.

"It is agreed that the lawful rate of interest in Mississippi is six per cent., and that the interest upon the said sum of fifty-one dollars and twenty cents from October 23, 1906, to February 6, 1914, the date of filing this suit, is the sum of twenty-two dollars and thirty-eight cents, making the total amount of plaintiff's demand the sum of seventy-three dollars and fifty-eight cents.

"It is agreed that, if the plaintiff is entitled to recover in this cause, the amount of said recovery should be said sum of seventy-three dollars and fifty-eight cents.

"It is agreed that this cause be submitted to the court, a jury being waived, upon this agreed statement of facts, and that the question for determination by the said court shall be whether the said demand is barred by the three or the six year statute of limitations of the state of Mississippi, it being agreed that this suit was not filed until more than six years after the said sum became due and owing to the plaintiff by the said defendant."

### OPINION.

It will be observed from the statement of facts that the only question before us for decision is whether or not the state statute of limitations applies and bars a recovery by the appellant in this case.

The appellant contends that this action is based upon, and grows out of, the federal act, which requires common carriers of interstate commerce to charge and collect the freight rates, according to the tariff schedules as fixed by the Interstate Commerce Commission, for carrying freight, and penalizing such interstate carriers for any failure to observe such tariffs, rates, and charges, and that: "the statute gets its life from the police power of the government, to regulate the affairs of the shipper and carrier in the matter of interstate shipments, and that, in the absence of any statute of limitations by the Congress affecting its authority under said power, no state statute of limitations is applicable, and *a fortiori* no statute of limitation applies."

Under the federal act in question here the appellant would undoubtedly be entitled to recover from appellee the difference between the freight rate charged in the bill of lading and the rate fixed by the Interstate Commerce Commission, if the right of action is not barred by the state statute of limitations. It is a sound and well-established rule of law that:

"A statute of limitations pertains to the remedy, which is regulated as to the form and duration by the law of the forum." *Rucks* v. *Taylor,* 49 Miss. 552; Amer. & Eng. Encl. of Law (2d Ed.) vol. 22, p. 1385; 25 Cyc. 1004.

The appellant railroad company is a *quasi* public corporation, and it is suing in a private capacity, the same as an individual, to recover an amount claimed to be owing to it, growing out of a private transaction with one of its customers. In transporting this freight it exercised no governmental authority, and is not a governmen-

tal agency, but stands in the same attitude of a private person seeking to recover an amount claimed against another person, in a state court, relying upon a Federal Interstate Commerce Act for its right to recover. It is not a suit by the government against an individual. This being true, we see no reason why the state statute of limitations, being the law of the forum, should not apply and bar the recovery in this case, the same as it would in a case between any interstate corporation and an individual, upon any other kind of a claim, where the cause of action had accrued more than six years before the filing of the suit. Therefore we hold that the right of recovery of the appellant is barred by the state statute of limitations.

*Affirmed.*