## Wytheville.

## ATLANTIC COAST LINE RAILROAD COMPANY v. VIRGINIA MANUFACTURING COMPANY.

### June 8, 1916.

### Absent, Cardwell, J.

1. INTERSTATE SHIPMENTS—*Undercharges—Implied Contracts—Limitation of Actions.*—A contract to carry an interstate shipment of freight at less than the published rate is void, and it is the right and duty of the carrier to collect the published rate. The lesser rate being void, the contract becomes an implied contract on the part of the carrier to carry and of the shipper to pay the published rate. The limitation on such a contract is that applicable to other implied contracts, which, under the statute of this State, is three years.

2. LIMITATION OF ACTIONS—*Interstate Shipments—Undercharges—State Statutes.*—Congress not having prescribed any time within which an action shall be brought to recover the difference between an undercharge and the published rate on an interstate shipment of freight, the action is governed, as to the limitation, by the statute of the State in which the action is brought.

Error to a judgment of the Circuit Court of the city of Suffolk in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*William B. McIlwaine,* for the plaintiff in error.

*V. H. Kellam,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of assumpsit was brought by the plain-

tiff in error to recover of the defendant in error $548.80, freight charges, claimed to be due for several interstate shipments of goods, made at the instance and request of the defendant in error.

The amount sued for was alleged to be the difference between the rate of twenty-one cents per hundred pounds, charged by the local agent, which was paid by the shipper, and forty-four cents per hundred pounds, the rate fixed by the plaintiff company, on file with the Interstate Commerce Commission at the time the shipments were made, and posted according to law. These shipments were all made in January, 1910, more than three years before this suit was brought. There is no dispute as to the evidence. The only question at issue is that raised by the plea of the statute of limitations interposed by the defendant company. An undercharge for the interstate shipment of freight being prohibited by the federal law, the question is whether the right to recover the difference between such undercharge and the lawful rate may be barred by the Virginia statute of limitations, and, if so, whether the bar applies at the end of three years or at the end of five years from the time the cause of action arose.

Under section 6 of the act to regulate commerce, as amended by Congress and approved June 29, 1906, there can be no question of the right and the duty of the carrier to collect of the shipper, and the duty of the shipper to pay the rate fixed by the published tariff. "Whatever may be the rate agreed upon, the carrier's lien upon the goods is, by force of the act of Congress, for the amount fixed by the published schedule of rates and charges, and this lien can be discharged and the consignee can become entitled to the goods only by the payment, or tender of payment, of

such amount.    Such is now the supreme law, and by
it this and the courts of all other States are bound."
Any special agreement for a less rate than that estab-
lished by law is void.    *Texas P. Ry. Co.* v. *Mugg*, 202
U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011.

No limitation is prescribed by the act of Congress,
but where that is the case the statute of limitations of
the State may be invoked as a bar to the claim sought
to be recovered.

In Hughes on Federal Procedure, p. 9, it is said:
"The statutes of a State, in so far as they regulate
substantive rights, and also in so far as they regulate
remedies on the common law side of the court, are
adopted and enforced by the federal courts where
they do not conflict with the Federal Constitution and
statutes."    This text is well sustained by the authori-
ties cited in its support.

In *Ratican* v. *Terminal R. Association*, 114 Fed.
666, it is said, citing a number of authorities in sup-
port of the statement, that, "The interstate commerce
act prescribes no limitation of time within which
actions based thereon shall be instituted, and, there-
fore, such actions must be governed, as to limitation,
by the statutes of the State wherein they are brought."

There being no question of the right of recovery, or
that the State statute of limitations may be pleaded
in bar of such recovery, it only remains to determine
whether the three year statute of limitation, relied on
by the defendant, is applicable in the present case.

The statute, Code, section 2920, provides as follows:
"Every action to recover money . . . if it be
upon an award or be upon a contract by writing signed
by the party to be charged thereby, or his agent, but
not under seal, within five years . . . and if it be
upon any other contract within three years, unless" etc.

The contract in this case to carry the goods at the rate of twenty-one cents per hundred pounds was, as we have already seen, void. As soon, however, as the goods were left with the carrier, an implied contract arose on its part to transport them to their destination, and on the part of the shipper to pay for such transportation forty-four cents per hundred pounds, the published rate for such service. It is clear that this is an action *ex contractu* to recover the balance alleged to be due from the defendant under its implied contract to pay the plaintiff forty-four cents per hundred pounds, the published rate for the transportation of the goods. This being so, the lower court properly held that the three year statute, which provides the limitation to actions arising out of contracts, was applicable in the present case, and that when applied the claim asserted was barred.

There is no error in the judgment complained of, and it must be affirmed.

*Affirmed.*