### CHICAGO & N. W. RY. CO. v. ZIEBARTH.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1917.)

No. 4816.

1. LIMITATION OF ACTIONS ⬤⟹34(1)—STATUTE—APPLICABILITY.
    The South Dakota statute of limitations (Code Civ. Proc. S. D. § 60), declaring that it includes an action on a liability created by statute, other than a penalty of forfeiture, applies to an action created by statute, though the liability is in the nature of a specialty.

2. COURTS ⬤⟹375—FEDERAL COURT—STATE LIMITATION STATUTES.
    As the federal statutes, requiring a carrier to collect the full transportation charges provided in the authorized tariffs, contain no period of limitation, local limitation statutes, though varying, will govern the action; hence, in an action in the federal District Court for South Dakota for the amount of an undercharge, Code Civ. Proc. S. D. § 60, is applicable.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. COURTS ⬨375—FEDERAL COURT—STATE STATUTE OF LIMITATIONS.**
> Statutes of limitation being statutes of repose, an action by a carrier to recover the full charges authorized, brought in federal court under the commerce statute, is governed by local state statutes of limitation; the federal laws prescribing no limitations.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by the Chicago & Northwestern Railway Company against M. J. Ziebarth. There was a judgment dismissing the complaint, and plaintiff brings error. Affirmed.

A. K. Gardner, of Huron, S. D., for plaintiff in error.

Caldwell & Caldwell, of Sioux Falls, S. D., for defendant in error.

Before HOOK, SMITH, and STONE, Circuit Judges.

STONE, Circuit Judge. This is an action by a carrier against a shipper for the amount of an undercharge on an interstate shipment. The case was presented upon the pleadings and an agreed statement of facts. The writ of error is from a judgment dismissing the complaint, as barred by limitation of the state statute.

[1] A single question of law is involved: Can a state statute of limitations operate to bar a recovery for an interstate freight undercharge? There is no controversy that the South Dakota statute of limitations is an effective bar to this action, if it is applicable. The railway company claims it does not apply for several reasons. It contends that "where the liability is created by positive provisions of statute, and not by the act of the parties, the statute of limitations cannot be pleaded." We do not know any reason for such a rule, and the authorities cited are not to that effect. They, and many others like them, follow the rule that liabilities in the nature of specialties do not come within the wording of the statute of King James nor those patterned thereafter. But that is merely a matter of the meaning and compass of the particular statute. The South Dakota statute here involved (Code of Civil Procedure of the State of South Dakota, § 60) goes further, and includes "an action upon a liability created by statute, other than a penalty of forfeiture." The liability here sought to be enforced is in the nature of a specialty since it finds its being in the statute. It would not come within the statute of King James, but the above-quoted South Dakota statute includes it.

[2] The company further contends that Congress did not intend the state statutes of limitation to apply to actions of this character, because such would destroy the uniformity at the basis of the commerce legislation, and because the collection of tariff undercharges is not simply a right given to the carrier, but a positive duty imposed upon it to collect and upon the shipper to pay such.

The claim of lack of uniformity, if state statutes of limitation were applied, is based upon the varying periods of limitation existing in the different states. The state statutes of limitation do differ as to the periods within which suits may be brought. The commerce statutes are almost dry of any attempt at limitation, and as to this character of cases

entirely so. Therefore the choice is between state limitations and no limitations. Authority has decided that the state statutes apply. This court, in Murray v. Chicago & Northwestern Railway Co., 92 Fed. 868, 35 C. C. A. 62, decided the claim of a shipper for damages because of discriminatory rebates was barred by the state statute. In Ratican v. Terminal Railroad Ass'n (C. C.) 114 Fed. 666, Judge Adams, lately a very learned judge of this court, but then of the Circuit Court, decided the same point in the same way, saying:

"The Interstate Commerce Act prescribes no limitation of time within which actions based thereon shall be instituted. Such being the case, the statute of limitations of the state in which the action is brought must apply and control."

In Meeker & Co. v. Lehigh Valley R. R., 236 U. S. 412, 35 Sup. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691, which was by a shipper for reparation because of discriminatory and of extortionate charges falling within section 16 of the Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 384), as amended (Act June 29, 1906, c. 3591, § 5, 34 Stat. 590 [Comp. St. 1916, § 8584]), and controlled by the national statute in the nature of a limitation applying to suits by shippers, Mr. Justice Van Devanter clearly intimates the application of local statutes of limitation where the federal statute has not made provision. He says (236 U. S. 424, 35 Sup. Ct. 333, 59 L. Ed. 644, Ann. Cas. 1916B, 691):

"The words of the proviso make it certain that the amendment was to reach claims already accrued as well as those thereafter accruing. And while there doubtless was no purpose to revive claims then barred by local statutes, it is evident that Congress intended to take all other claims out of the operation of the varying laws of the several states and subject them to limitations of its own creation which would operate alike in all the states. * * * The proviso was in the nature of a saving clause, and while, as before observed, it probably was not intended to revive claims which were then barred by applicable local laws, we think there is no warrant for saying that it was not intended to include claims accrued more than two years before the amendment."

Nor is this expression weakened by the case of A. J. Phillips Co. v. Grand Trunk Western Railway Co., 236 U. S. 664, 35 Sup. Ct. 444, 59 L. Ed. 774, decided three weeks later, where the court had in view the same proviso of section 16. We therefore conclude that the contention based upon lack of uniformity cannot be sustained.

[3] As to the claim that the local statutes should not apply, because the collection and payment of tariff undercharges is not simply a right, but a duty: The foregoing cited cases are equally applicable and controlling in this connection, but possibly it may be useful to add some further observations. Without passing upon it, the concession may be made that the duty claimed does exist. That of itself reveals no reason why an action to enforce that duty should not be amenable to, limitations. Even treason, aimed at the life itself of the nation, is expressly made subject to limitation. R. S. § 1043 (Comp. St. 1916, § 1707). And the penal clause of this very act has been held so confined in United States v. New York Central & H. R. R. Co. (C. C.) 157 Fed. 293, by Judge Hough, now a member of the Court of Appeals of the Second Circuit.

The reason for applying limitations to this, as well as to all other actions, lies in the nature and object of statutes of limitation. There

should be distinguished a·class of statutes which, in connection with a created right, prescribe a term within which it must be enforced. While such prescription is in form a special statute of limitation, it is often intended by the Legislature to have a more far-reaching influence. Where such intention is found by the courts, the term is not treated as a statute of limitation in the ordinary sense, but as an essential portion or element of the right itself. Phillips Co. v. Railway Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774. But statutes of limitation, strictly speaking, are measures of repose. They are no part of any right, nor do they have at all in view any change of the legal liabilities in the litigation controlled by them. They leave the rights and liabilities of the parties untouched. In fact, their object is the proper protection of those rights and liabilities. They recognize that such rest upon facts which in very many instances are in dispute, and must, if brought for judicial settlement, be determined by evidence. Experience has left no doubt that lapse of time naturally, if not inevitably, results in loss of evidence pertinent to, and often decisive of, the existence of the facts in controversy, and that this is especially true where no warning (as by institution of litigation) has been given of any need for its prompt collection and preservation. To obviate this risk of loss, and consequent injustice, such statutes do not permit one who has in mind the judicial enforcement of a claimed right to remain watchfully or negligently in ambush until time has destroyed the defensive testimony of his opponent, and then begin his assault. They put into the hands of the one so slothfully attacked, as a personal privilege which may be urged or unused, the right to decline to enter a contest thus long delayed. They are beneficent in their purpose and effect. There is, therefore, ordinarily nothing in the nature of an action which should exempt it from limitation, if the Legislature controlling so wills.

It is true that courts, purely as a matter of statutory construction, have exempted the sovereign from statutes of limitation which did not clearly show an intention to include such. The historical reason for this attitude may be found in the very old maxim, "Nullum tempus occurit regi." Godb. 295; Hobart, 347; Gibson v. Chouteau, 13 Wall. (80 U. S.) 92, 20 L. Ed. 534. However, the sovereign may make itself subject to such statutes, as witness the statute limiting the time of bringing suit to annul land patents on the ground of fraud. Act March 3, 1891, c. 559, 26 Stat. 1093 (Comp. St. 1916, § 4992). But this case is not brought by the sovereign to protect some right attaching to sovereignty, and therefore cannot claim the benefit of the above rule.

The judgment is affirmed.