**DAVIS, Director General of Railroads, etc., v. E. I. DUPONT DE NEMOURS & CO.***

(Circuit Court of Appeals, Eighth Circuit. March 5, 1923.)

No. 6138.

1. Railroads ☞5½, New, vol. 6A. Key-No. Series—War control of railways exercise of sovereign power, and debts arising therefrom debts due United States.

In the control and operation of railways under its war power, the government was exercising a sovereign power and acting in its capacity as sovereign, and a debt arising out of such governmental control is a debt due the United States.

2. Limitation of actions ☞11(1)—Statutes of limitations inapplicable to enforcement of sovereign powers, unless by consent.

When enforcing rights arising out of the exercise of its sovereign power, a government is not within statutes of limitation applicable to other litigants, unless it has consented to be so treated, and such consent must clearly appear from the statute.

3. Railroads ☞5½, New, vol. 6A Key-No. Series—Limitation of actions for recovery of charges not applicable to Director General of Railroads.

An action by the Director General of Railroads for the recovery of charges accruing during the railroad administration is not subject to the limitation of actions provided by Transportation Act, § 424, providing a limitation of three years for such suits by carriers.

4. Railroads ☞5½, New, vol. 6A Key-No. Series—Action for recovery of charges properly brought in name of Director General.

An action to recover charges accruing during the governmental administration of railroads is properly brought in the name of the Director General, under Transportation Act, § 424, and is not required to be brought in the name of the United States.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied May 24, 1923.

Action at law by James C. Davis, Director General of Railroads, Agent, against E. I. Dupont de Nemours & Co. From a judgment on demurrer, plaintiff brings error. Reversed and remanded.

Thomas S. Buzbee, George B. Pugh, and H. T. Harrison, all of Little Rock, Ark., for plaintiff in error.

C. A. Cunningham, of Blytheville, Ark., for defendant in error.

Before STONE, Circuit Judge, and JOHNSON, District Judge.

STONE, Circuit Judge. This is a writ of error from a final judgment entered after sustaining a demurrer to the petition. The action is by the Director General of Railroads against a shipper for demurrage charges. The demurrer was based and sustained upon the ground that the action was barred by limitation.

The sole substantial question presented here is whether the action was barred by limitation. It was brought slightly more than three years after it arose. The contention of defendant in error, sustained by the court, is that section 424 of the Transportation Act (41 Stat. 492), providing a limitation of three years for suits by carriers for the recovery of their charges, is applicable to suits by the Director General for such charges. The contention of plaintiff in error is that the Director General, as to such charges and suits therefor, represents the United States in its sovereign capacity and that Congress did not intend the above provision to apply to him.

[1] In the control and operation of the railways under the war power, the government was exercising a sovereign power and acting in its capacity as sovereign. Northern P. Ry. Co. v. North Dakota, 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897; Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; North Carolina R. Co. v. Lee, 43 Sup. Ct. 2, 67 L. Ed. —— (decided October 16, 1922); In re Tidewater Coal Exchange (C. C. A. 2d Circuit) 280 Fed. 648, 649. A debt arising out of such governmental control is held to be a debt due the United States. In re Hibner Oil Co. (C. C. A. 7th Circuit) 264 Fed. 667, 14 A. L. R. 629; Davis v. Pullen (C. C. A. 1st Circuit) 277 Fed. 650; In re Tidewater Coal Exchange (C. C. A. 2d Circuit) 280 Fed. 648.

[2] Although a government when enforcing rights arising out of the exercise of its sovereign powers is not ordinarily treated as within statutes of limitations applicable to other litigants, yet it may be so included if it consent to such inclusion. And whether the United States is so included in a statutory limitation enacted by Congress is a matter of statutory construction. The rule of construction in such cases is that it must clearly appear that such inclusion was intended. Hays v. U. S., 175 U. S. 248, 260, 20 Sup. Ct. 80, 44 L. Ed. 150; Gibson v. Chouteau, 13 Wall. 92, 20 L. Ed. 534; Chic. & N. W. Ry. Co. v. Ziebarth, 245 Fed. 334, 337, 157 C. C. A. 526 (this court).

[3] With this rule of construction in mind, we turn to consider section 424 of the Transportation Act (41 Stat. 492) relied upon by the defendant in error and the trial court as containing a limitation on the Director General. The portion of that section now material is:

"All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after."

No mention is made therein of the United States or of its representative, the Director General. But it is argued that the word "carriers" was intended to be so inclusive. At the start, we are thus met with uncertainty, because "carriers," as used in the act, might very well mean only the transportation companies which were about to resume control and operation of their properties. Considering that one of the two main purposes of the act was to lay down rules governing such carriers in the future control and operation of their properties, this narrower meaning might well be regarded as intended; and this thought has added emphasis as to the matter now being considered, when we find that this section (424) is an amendment of the interstate commerce statutes in existence before federal control and obviously meant to govern after federal control. It is, also, noteworthy that another section of the Transportation Act (section 206) deals specifically with limitations as to claims and actions brought against the Director General. In short, even if a construction of the act would not lead strongly to the conclusion that the government was not included within the term "carriers" as used in section 424, yet it certainly is true that such inclusion is doubtful. Not being clear, the rule of construction above stated takes control and forces the conclusion that the statute does not limit suits such as this.

[4] It is, also, suggested by defendant in error that the action should have been brought in the name of the United States and not of the Director General. We think the statement of this suggestion reveals the unsubstantial character thereof. Certainly, section 202 of the Transportation Act, when considered in connection with the preceding legislation, executive action and methods relating to federal control, must dispose of this suggestion.

The judgment is reversed and the case remanded for proceedings in compliance with this opinion.