## No. 340
### OGLESBEE v. MILLER et al

No. 18363. Ohio Supreme Court
On motion to certify docketed Feb. 5, 1924. 2 Abs. 131.

**1271. WILLS. Failure to devise personal property after life of devisee.**

This case involves the construction of a will. The testatrix devised her personal property and her real estate to her husband for life. In subsequent items in the will she disposed of the remainder in the real estate but failed to make any other disposition of the personal property than that found in Item One which gave the personal property to her husband for life.

Having failed to dispose of the personal property other than to the husband for life it is the husband's contention that she died intestate as to the remainder in the personal property, also that the testatrix having left no children, or descendants of children, under the statute of descent and distribution the husband takes the personal porperty outright, on the theory that intestate porperty passes under the statute of descent and distribution, no matter what the intention of the testatrix was where the testatrix fails to dispose of such personal property.

Attorneys—Robert Shawhan, Lebanon and Marcus Shoup, Xenia, for Oglesbee; L. T. Marshall, Xenia, for Miller.

---

## No. 341
### FIRESTONE RUBBER AND TIRE CO. v. DAVIS, Dir. of Rys.

No. 18392, docketed in Supreme Court Feb. 18, 1924, 2 Abs. 147.

Error to Summit Court of Appeals

**RAILROADS—Freight charges arising in war time.**

This was an action by the Director General of Railroads against the Firestone & Rubber Co. for freight charges upon a shipment by the company made October 7, 1919, during the period of Federal control. The suit was filed April 25, 1923, and the question involved was whether or not the action was within the provisions of Title IV, Section 424, of the Transportation Act of 1920, 41 Statute at Large 492, amending Section 16 of the Interstate Commerce Act, which reads as follows:

"All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrued and not after."

On demurrer to the petition the trial court overruled the same, holding that the above section was not applicable to the Director General. The Summit Court of Appeals affirmed the decision of the trial court, relying upon the decision in the United States Circuit Court of Appeals, Davis, Director General, Agent, v. Du Pont de Nemours & Co., 287 Fed. 522. The motion in the Supreme Court of Ohio to certify the record was pending at the time the Supreme Court of the United States on error in the Du Pont case affirmed the Circuit Court of Appeals. This decision of the U. S. Supreme Court was therefore decisive of the question involved in the motion to certify the record before the Supreme Court of Ohio, and the same was therefore withdrawn and dismissed by the Firestone Co. on the 17th day of April, 1924.

Attorneys—Chalmers, M. Hamill, Akron, for Firestone Co.; Waters, Andress, Wise & Maxon and Paul C. Weick, Akron, for Davis.

---

## No. 342
### CLARA L. REAM, Admr., v. STATE ex rel

No. 18496. Docketed in Supreme Court April 3, 1924

Error to Putnam Court of Appeals

**EXECUTORS AND ADMINISTRATORS—Summary.**

Complaint was made against the Administrator, Clara L. Ream, under that part of 10673 GC. which covers being suspected of having "concealed, embezzled or conveyed away money, goods, chattels," etc., of the deceased. She came into possession of the property by having it set off to her by the appraisers under the statute. The time within which exceptions to the inventory could be taken had passed when this proceeding was instituted. In the Putnam Common Pleas, Judge Eastman held upon the showing that the proceedings would not lie and instructed the jury to return a verdict for Ream. This judgment was reversed in the Putnam Court of Appeals in a holding that the case should have been submitted to a jury to try the right of property. The opinion of the Common Pleas followed the recognized practice, under this section, set forth in the preceents and text book opinions, especially the case of Tibbott, Admxr., c. Cadisch, 28 Ohio. App. 481, and In re Leding Estate, 21 Ohio, Dec. 713.

The Court of Appeals in Putnam county held that 10673 GC. provides generally for the trial of the right of property in matters of estates regardless of whether or not the possessor is in good faith or under claimed right, or involves criminality and fraud.

Since the filing of the original motion to certify, in this case, the Franklin County Appeals has passed upon this statute in the case of William v. Christopher, 2 Abs. (March 16), 217, and its interpretation of the section is in harmony with the position taken by the Common Pleas and in conflict with that of the Putnam Court of Appeals. It holds that 10673 GC. is a summary statute, which can be resorted to only in case of criminality and fraud.

Since the appearance of the Franklin county case in the Abstract a motion has been filed in the Putnam County Appeals to have it certify its record on account of the conflict, and that the meaning of law may be determined.

The opinion of the Putnam County Appeals will be published in The Abstract at an early day.

Attorneys—Hal DeRan, Fremont, and J. P. Leasure, Ottawa, for Ream.