**INGALLS v. MAINE CENT. R. CO. et al.**

**No. 850.**

District Court, D. Maine, S. D.

Jan. 23, 1931.

Supplemental Opinion, May 29, 1931.

Supplemental opinion.

For former opinion, see 24 F.(2d) 113.

John W. Hill, of Portland, Me., for plaintiff.

Col. Geo. E. Fogg, of Portland, Me., for defendants.

PETERS, District Judge.

This is an action under the Interstate Commerce Act (49 USCA § 1 et seq.) to recover overcharges in transportation. It comes on to be heard on two motions, one by defendant Maine Central Railroad Company that the action be dismissed as to it, on the ground that the report of the auditor and the opinion in the case heretofore filed disclose that the only charges illegally collected were on that part of the transportation furnished by the Bridgton & Saco River Railroad Company; and the other a motion by the Bridgton & Saco River Railroad Company, admitting that the charges involved were collected solely by that company and moving that judgment and execution be rendered against that defendant alone.

Simultaneously with the filing of the above motions, the defendant Maine Central Railroad Company suggested of record, for the information of the court, that the defendant Bridgton & Saco River Railroad Company was in the hands of receivers appointed by the state court.

It appears by the writ that the suit was brought against the two defendants jointly, the allegation being that "the said defendants did at Bridgton on the 31st day of March, 1920, and on the 26th day of May, 1920, and on divers days * * * collect and receive from the plaintiff * * * various sums of money in excess of the lawful freight rate then due from the plaintiff to the defendants for carload shipments of oats, feed, corn and grain from various points in the United States to said Bridgton. * * *"

It has been decided that this chapter is a penal statute, and that recoveries such as this are in the nature of recoveries of a penalty. Ratican v. Terminal R. Ass'n (C. C.) 114 F. 666, citing Parsons v. Chicago, etc., Co., 167 U. S. 447, 17 S. Ct. 887, 42 L. Ed. 231. That it was so regarded by the parties is evident from the fact that the defendants in their general issue pleaded "not guilty," as in an action of tort, instead of "Never promised," as in an action of contract. In hearings before the auditor and before the court, no suggestion was ever made of a distinction between the liability of the two defendants. Three demurrers, a motion to dismiss, and various other motions in the case were made without any such suggestion, and no plea of misjoinder was ever filed. The trials were conducted upon the theory of a joint liability. In fact, the joint liability (if any) has been admitted by both defendants. The report of the auditor has this paragraph: "Pursuant to my suggestion, the parties conferred and it was stipulated and agreed by and between them that Plaintiff's Exhibit 'E' is a correct statement of the sums collected for transportation by the *defendants* on the shipments in question." Plaintiff's Exhibit E, referred to, I find on investigation of the papers before the auditor to be a long

sheet evidently furnished by the defendant Maine Central Railroad Company, entitled: "Maine Central Railroad Company. Accounting Department. Claim No. 21986. Industrial Traffic Bureau. Overcharge Account. Hamblen & Ingalls. Statement." The subheading over the items referred to in Exhibit E is entitled: "Charges as settled. Bridgton Jct. to Bridgton."

The same attorney has appeared for both defendants throughout. No suggestion of a difference in status between defendants was made until after judgment was ordered by the court against both defendants, whereupon these motions setting up the receivership in the case of one defendant, and asking that judgment and execution be rendered against that defendant solely, were presented.

The case was tried both before the auditor and before the court on the theory of a joint liability or none. Both defendants had a common freight agent who received the money in question. Defendants made a joint admission that they collected the sums held to be overcharges, not that one defendant alone collected them. The liability imposed by the act, especially section 8 (49 USCA § 8), is so broad as to indicate a liability on the part of both roads on the facts disclosed, without their express admission.

I can see no reason for changing the judgment rendered in the previous opinion, and that judgment is ordered against both defendants in the sum of $1,490.63, with interest from the date of the writ.

### Supplemental Opinion.

Since the previous opinion of this court was filed January 23, 1931, and during the same term, the defendants filed a motion for reargument. On further hearing it develops that the original ruling of the court, overruling a demurrer filed by the defendant, was based on the assumed constitutionality of the Act of Congress of June 7, 1924, USCA title 49, § 16 (3), under which the former period of limitation for bringing an action such as this was extended from two years to three years from the time the cause of action accrued. Since then the Supreme Court, in the case of Peninsular Produce Exchange v. N. Y., Pa. & Norfolk Rd. Co. et al., 276 U. S. 599, 48 S. Ct. 322, 72 L. Ed. 724, has affirmed the ruling of the Court of Appeals of Maryland in the same entitled case, 152 Md. 594, 137 A. page 350, in which it was held that the extension of the period of limitation for actions by the statute referred to was an unconstitutional deprivation of property. Consequently the previous limitation of two years is applicable to this case, which removes many of the items in dispute. Judgment for the plaintiff will have to be modified accordingly by eliminating all items which accrued prior to two years before the date of the writ.

The order for a judgment in the previous decision is consequently revoked, and, in lieu thereof, judgment is now ordered against the defendants in the sum of $287.72, with interest from the date of the writ.