GULF, M. & N. R. Co. *v.* HUNT BROS. FURNITURE CO.

(*Jackson,* April Term, 1938.)

Opinion filed May 28, 1938.

PEARSON & SPRAGINS, of Jackson, for plaintiff in error.

PIGFORD & KEY, of Jackson, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is an action instituted by the Gulf, Mobile & Northern Railroad Company, on October 1, 1935, against Hunt Brothers Furniture Company to recover $40.31, the balance of freight charges remaining unpaid on a carload of furniture consigned to Hunt Brothers Furniture Company at Dyersburg, Tennessee, by the Memphis Furniture Company, Memphis, Tennessee.

The defendant furniture company filed a plea denying that it was indebted to the railroad company in any amount, and further that any right of action which the railroad company ever had by reason of the matters set up in the summons were then barred by the Statute of Limitations of one year as set out in section 5434 of the Code of Tennessee.

The case was tried before the circuit judge, without the intervention of a jury, upon a written stipulation of facts. The court sustained the plea of the Statute of Limitations and dismissed the case. The railroad company has appealed to this court and assigned errors.

It appears from the stipulation of facts that the car-

load of furniture in question was shipped on June 2, 1933, and that the amount of $54.95 was quoted and collected from defendant by the railroad company in full settlement, under a misconception of the size of the car. That when the freight charges were checked in the accounting office of the railroad company it was found that the charges had not been assessed in accordance with the tariffs of the railroad company on file with the Railroad and Public Utilities Commission of Tennessee; that the correct charge should have been $95.26, and that the amount of $54.95 erroneously quoted and collected resulted in an undercharge of $40.31. It further appears from the stipulation that this shipment was wholly within the State of Tennessee and the intrastate rates in Tennessee were applicable to said shipment.

The sole question presented for determination is whether the railroad company's right of action was barred by reason of its having failed to institute suit for collection of the undercharge involved within one year of the delivery of the furniture in question to the furniture company.

Section 5434 of the Code, which is relied upon by the furniture company as barring this action, and made the basis of the lower court's decision, is as follows:

"Limitation.—All prosecutions *or actions under this chapter* shall be commenced within one year after the offense shall have been committed or the cause of action shall have accrued, or the same shall be barred." (Italics ours.)

It is apparent that, as a prerequisite to the applicability of the above-quoted section of the Code to the instant case, it must first be made to appear that the cause of action is an action under chapter 23 of the Code, the

chapter in which section 5434 is found. This chapter is entitled "Regulation of Common Carriers and Public Utilities." The portion of the chapter having to do with common carriers extends from section 5380 of the Code to and including section 5447. Sections 5380 to 5396 relate to the appointment of the Railroad and Public Utilities Commission and prescribe rules for the conduct of its business. Section 5397 confers upon the Commission power to fix freight and passenger rates. Section 5415 makes all railroads subject to this statute and defines common carriers.

Section 5416 prohibits special rates, rebates, etc., as discriminations, or preferences in cars, as between shippers, and declares the same unlawful. Section 5417 prohibits exorbitant rates. Section 5418 prohibits undue or unreasonable preferences, or undue or unreasonable prejudice, to any particular person or locality. Section 5419 makes a greater charge for a shorter distance within the longer distance a misdemeanor. Section 5420 provides for a fine of not less than $500 nor more than $2,000 for extortion or unjust discrimination, or for the giving to any person, or locality, or to any description of traffic, an undue or unreasonable preference or advantage. Section 5421 provides as follows:

"Suits may be brought by any person against any person or corporation, owning or operating such public service company in Tennessee, for the violation of sections 5416 to 5421, before any court having jurisdiction to try the same."

Section 5422 provides that suits for the recovery of any penalties imposed by the provisions of this article shall be brought by the district attorneys-general in the name of the State on the relation of the Commission.

Section 5424 requires railroad and motor bus companies to furnish the Commission its tariff of charges for transportation of every kind, and it is made the duty of the Commission to revise the tariff charges so furnished, if said charges are more than just compensation. Section 5427 prohibits discrimination by changing published rates. Section 5429 forbids any reduction or rebate prohibited by this article, without the approval of the Commission, a misdemeanor punishable by fine.

Section 5432 confers upon the circuit and chancery court and justices of the peace jurisdiction "of all suits of a civil nature arising under the provisions of this chapter, according to the nature of the suit and the amount involved; and the circuit and criminal courts shall have jurisdiction of all criminal proceedings so arising."

Section 5434, relied on by the furniture company, and hereinbefore set forth, provides that all prosecutions or actions under this chapter shall be commenced within one year after the offense shall have been committed or the cause of action shall have accrued, or the same shall be barred.

The limitation provided has application alone to "prosecutions or actions under this chapter." By reference to the chapter it is seen that the suits provided for are (1) those brought by any person against a public service company operating in Tennessee "for the violation of sections 5416 to 5421," and (2) by the district attorneys-general in the name of the State on the relation of the Commission to recover any penalty imposed by the provisions of the chapter.

Nowhere in this chapter is any provision to be found having reference to a suit by a carrier to recover an undercharge, or a suit by a shipper to recover an over-

charge. Suits of this character are governed, therefore, by the six-year Statute of Limitations of the State. Code, section 8600.

 The furniture company, in effect, contends that because the railroad company was without right or authority to demand or collect freight charges not approved and published as required by the provisions of the chapter, a claim for an undercharge, or for an overcharge, is a cause of action arising under the chapter.

While it is true that tariffs to be charged by railroads for the transportation of goods are approved or fixed by the Commission, the debt arises out of the transportation upon an implied agreement on the part of the shipper and the railroad that the tariff fixed by the Commission shall be the true and correct charge for the transportation. *Pennsylvania R. Co.* v. *Titus,* 216 N. Y., 17, 109 N. E., 857, L. R. A., 1916E, 1127, Ann. Cas., 1917C, 862; *Pittsburgh, etc., Ry. Co.* v. *Fink,* 250 U. S., 577, 40 S. Ct., 27, 63 L. Ed., 1151.

Prior to the amendment of 1920 made to the Interstate Commerce Act, 49 U. S. C. A., section 16(3), providing for a limitation of three years for the bringing of actions by carriers, subject to the act, for recovery of their charges, it was generally held that an action by a carrier against a shipper for the amount of an undercharge on an intrastate shipment could only be barred by the Statute of Limitations applicable to a contract in the State where suit was brought. *Chicago & N. W. Ry. Co.* v. *Ziebarth,* 8 Cir., 245 F., 334; *Yazoo & M. V. R. Co.* v. *Willis,* 111 Miss., 303, 71 So. 563; *St. Louis S. W. Ry. Co. of Texas* v. *Shields Grain & Coal Co.* (Tex. Civ. App.), 220 S. W., 183; *Atlantic Coast Line Ry. Co.* v. *Mfg. Co.,* 119 Va., 5, 89 S. E., 103; and our own case of *Cleveland,*

*etc., Ry. Co.* v. *Southern Coal & Coke Co.,* 147 Tenn., 433, 449, 248 S. W., 297. By analogy, chapter 23 of the Code, section 5380 et seq., not providing a period of limitation in which such character of suits must be brought, the six-year statute of this State is applicable.

The result is that the judgment of the trial court must be reversed and, the amount of the undercharge not being in controversy, judgment will be entered here in favor of plaintiff for the amount sued for. Defendant will pay all of the costs of the case.