## A. J. PHILLIPS COMPANY *v.* GRAND TRUNK WESTERN RAILWAY CO.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 124. Argued January 15, 1915.—Decided March 15, 1915.

A finding by the Interstate Commerce Commission in a general investigation that an advance in a rate on a specified commodity between specified points is unreasonable inures to the benefit of every shipper who has paid the unjust rate, provided however, that he asserts his claim against the carrier within the time fixed by law.

A shipper who paid charges prior to the passage of the Hepburn Act and did not commence proceedings until more than one year after the passage of that act cannot recover on the strength of a finding of the Interstate Commerce Commission made in a general proceeding to which he was not a party that the rate paid was unreasonable.

The Conformity Act (Rev. Stat. 914) does not apply to a state rule of practice prohibiting taking advantage of the statute of limitations by general demurrer to a cause arising under a Federal statute expressly limiting the time within which the right created by the statute can be asserted—in which case the lapse of time not only bars the remedy but destroys the liability.

The prohibitions of the Interstate Commerce Act against unjust discriminations relate not only to inequality of facilities but also to giving preferences by means of consent judgments or waivers of defenses open to the carrier.

*Quære,* whether connecting carriers participating in a haul, the advanced

rate for which was held by the Commission to be excessive but who were not responsible for advancing the rate, could be held jointly and severally responsible for reparation before they had been heard by the Commission.

The facts, which involve the right of a shipper to recover from the carrier freight charges held to have been unreasonable by the Interstate Commerce Commission and the provisions in the Hepburn Act limiting the time within which claims of that nature can be asserted, are stated in the opinion.

*Mr. Edward H. S. Martin* and *Mr. George M. Stephen* for plaintiff in error.

*Mr. L. C. Stanley* for defendants in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

The A. J. Phillips Company is a manufacturer of doors at Fenton, Michigan. For use in its business it purchased large quantities of lumber, much of which was shipped from points in Alabama, over the lines of the Illinois Central, the Southern, the Grand Trunk Western, and the Detroit & Milwaukee Railway Companies. Prior to April, 1903, the rate to Fenton was 28 cents a hundred,— of which 14 cents was the charge for the haul, over the Southern and the Illinois Central, from Alabama points to the Ohio River. The remaining 14 cents represented the charge of the Grand Trunk and the Detroit Companies for the haul from the Ohio River to Fenton.

In April, 1903, the Illinois Central, the Southern Railway, and other carriers operating in the Gulf States, filed a tariff which made an advance of 2 cents per hundred on lumber shipped from Alabama mills to the Ohio River and beyond.

On July 24, 1903, the Yellow Pine Association filed a complaint with the Interstate Commerce Commission seeking to have this increase declared to be unreasonable.

After a hearing the Commission held (10 I. C. C. 505–547) that "the advance of 2 cents was not warranted under all the facts and evidence and that the resultant increased rate is unreasonable and unjust. An order will be issued in accordance with these views." The carriers sought to have this order enjoined, but the action of the Commission was sustained by the Circuit Court and, on May 27, 1907, that ruling was affirmed by the Supreme Court of the United States (206 U. S. 441)—After which—as appears from the official reports (*Joyce* v. *Ill. Cent. R. R.*, 15 I. C. C. 239)—the Commission approved the settlement of a number of claims for reparation which had been previously filed. The Phillips Company was not a party to the proceedings before the Commission and made no claim for reparation but on May 11, 1909, it brought suit in the Circuit Court of the United States for the Eastern District of Michigan, against the four carriers named above, for the recovery of the overcharge. The declaration,—which by reference, made the report of the Commission in 10 I. C. C. 505 a part of the pleading (*Robinson* v. *B. & O. R. R.*, 222 U. S. 507)—alleged that the four carriers had charged plaintiff 30 cents per hundred though they well knew that 28 cents was the highest just and reasonable freight rate that could be charged on lumber and that anything in excess of 28 cents was illegal, unjust and excessive. It was also averred that the Commission on the complaint of the Yellow Pine Association had found the 2 cent advance to be unreasonable, and for that reason the plaintiff claimed that the defendant-carriers were each and all bound to return to it the 2 cent overcharge on 218 cars of lumber. There was a prayer for judgment for $5,000 damages and $2,000 attorney's fees.

The Southern Railway was not served. The Illinois Central having no office in the district was ultimately dismissed from the case. The demurrer of the other two

defendants was sustained. That judgment was affirmed by the Circuit Court of Appeals, and the case brought here by writ of error.

1. The Phillips Company, relying on a finding by the Commission on the complaint of the Yellow Pine Association, that a 2 cents advance in a lumber rate was unreasonable, brought suit against four carriers to recover an overcharge collected on 90,432,500 pounds of lumber shipped to it over their connecting lines. But as the plaintiff was not a party before the Commission the defendants insist that it cannot take advantage of the order that the rate was unjust, so as to be able to maintain the present suit.

But the proceeding before the Commission, to determine the reasonableness of the 2 cents advance, was not in the nature of private litigation between a Lumber Association and the carriers, but was a matter of public concern in which the whole body of shippers was interested. The inquiry as to the reasonableness of the advance was general in its nature. The finding thereon was general in its operation and inured to the benefit of every person that had been obliged to pay the unjust rate. Otherwise those who filed the complaint, or intervened during the hearing, would have secured an advantage over the general body of the public, with the result that the order of the Commission would have created a preference in favor of the parties to the record and would have destroyed the very uniformity which that body had been organized to secure. The plaintiff and every other shipper similarly situated was entitled by appropriate proceedings before the Commission or the courts to obtain the benefit of that general finding and order. See *Abilene Case*, 204 U. S. 446; *Robinson* v. *B. & O.*, 222 U. S. 507; *Baer Bros.* v. *Denver &c.*, 233 U. S. 479, 489, and compare *Nicola* v. *Louisville & Nashville R. R.*, 14 I. C. C. 200 (4), 205.

2. But while every person who had paid the rate could

take advantage of the finding that the advance was unreasonable, he was obliged to assert his claim within the time fixed by law. When the overcharge was collected a cause of action at once arose and the shipper at once had the right to file a complaint or to intervene in proceedings instituted by others. If he failed to take either of those steps and there was a finding of unreasonableness in the proceedings begun by others, he could, if in time, present his claim, and await the result of the litigation over the validity of any order made at the instance of those parties. If it was ultimately sustained by the court as valid he would then be in position to obtain reparation from the Commission—or a judgment from a court of competent jurisdiction, on a claim that had been seasonably presented. But neither proceedings begun by other shippers, nor findings of unreasonableness and orders issued thereon by the Commission, would save the rights of those who disregarded the requirements of the Hepburn Amendment, that, .

"all complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after, and a petition for the enforcement of an order for the payment of money shall be filed in the Circuit Court within one year from the date of the order, and not after; provided, that claims accrued prior to the passage of this act may be presented within one year." 34 Stat. 586.

In the present case the overcharges were made and paid prior to August, 1904. The present suit was brought May 9, 1909,—less than two years after the validity of the Commission's order was sustained by the Supreme Court,—but, more than one year after the passage of the Hepburn Amendment, and more than four years after the plaintiff's cause of action arose. .

3. It is argued, however, that under the Conformity Act (R. S. 914), the case is to be governed by the Michigan

practice, which does not permit a defendant to take advantage of the statute of limitations by a general demurrer to the declaration. But that rule does not apply to a cause of action arising under a statute which indicates its purpose to prevent suits on delayed claims, by the provision that all complaints for damages should be filed within two years *and not after*. Under such a statute the lapse of time not only bars the remedy but destroys the liability (*Finn* v. *United States*, 123 U. S. 227, 232) whether complaint is filed with the Commission or suit is brought in a court of competent jurisdiction. This will more distinctly appear by considering the requirements of uniformity which, in this as in so many other instances must be borne in mind in construing the Commerce Act. The obligation of the carrier to adhere to the legal rate, to refund only what is permitted by law and to treat all shippers alike would have made it illegal for the carriers, either by silence or by express waiver, to preserve to the Phillips Company a right of action which the statute required should be asserted within a fixed period. To have one period of limitation where the complaint is filed before the Commission and the varying periods of limitation of the different States, where a suit was brought in a court of competent jurisdiction; or to permit a railroad company to plead the statute of limitations as against some and to waive it as against others would be to prefer some and discriminate against others in violation of the terms of the Commerce Act which forbids all devices by which such results may be accomplished. The prohibitions of the statute against unjust discrimination relate not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments or the waiver of defenses open to the carrier. The Railroad Company therefore was bound to claim the benefit of the statute here and could do so here by general demurrer. For when it appeared that the complaint had not been

filed within the time required by the statute it was evident, as matter of law, that the plaintiff had no cause of action. The carrier not being liable to the plaintiff for overcharges collected more than four years prior to the bringing of this suit, it was proper to dismiss the action.

4. There is the further contention that the connecting carriers operating north of the Ohio River had to collect the filed tariff rate of 30 cents per hundred, even though they were not responsible for the advance, and that in no event could they be held liable for the refund until after they had been heard by the Commission. There is nothing in this record indicating that the Commission undertook to impose a liability upon those who had not been heard. But the conclusion that the plaintiff's cause of action had been lost by lapse of time, makes it unnecessary to determine whether carriers participating in the haul,—but who did not put in the advance, or who were not parties to the proceeding in which a portion of the rate was held to be unreasonable,—could be held jointly and severally liable for the collections made by them while the 30 cent rate was in force. The suit was properly dismissed on other grounds and the judgment is

*Affirmed.*