Johnson, J.
The original order of the Railroad Commission, on the New York Coal Company complaint, was made June 27, 1911-, effective July 27, 1911. Action was thereupon brought 'in the common pleas of Franklin county to vacate and set aside the order of the commission. On decision by the common pleas court the proceeding was appealed to the court of appeals, and on the decision there it was brought on error to the supreme court, where the order of the commission was affirmed on July 2, 1915. That action was brought under favor of the provisions of General Code Section 543, and subsequent sections touching the subject.
After that action was begun the procedure prq *228 vided for at that time by the General Code was changed by the act to create the Public Utilities Commission of Ohio (103 Ohio Laws, 804), in which act it is provided (in Section 33) that the procedure to reverse, vacate or modify a final order of the commission shall be by petition in error to this court.
Under the provisions of the General Code in force at that time the Railway Company was entitled to bring the action in the court of common pleas against the Railroad Commission to vacate and set aside its order reducing the rate from Nelsonville to Columbus from sixty-five cents to sixty cents. Pursuant to the statute, the court suspended the operation of the order of the commission pending the litigation, and this order was successively renewed in the several courts to which the case was taken until its final disposition, and bonds were given by the plaintiff in the action in accordance with the orders of the courts. Therefore, after the commencement of that action and the making of the order of suspension and the giving of the bond, the order of the Railroad Commission sought to be set aside was suspended until this court finally affirmed it in the proceedings in error here. Until that time the railroad continued to charge and collect the rate in effect immediately prior to the entering of the commission’s order.
On March 13, 1913, which was more than one year after the order of the Railroad Commission would have become effective, if the case to set it aside had not been brought and the order suspended on bonds being given, the Railway Company pub *229 lished a new Tariff R. C. O. No. 31, prescribing rates on coal from Nelsonville to Toledo, and, on February 11, 1915, the Railway Company filed another tariff on such shipments, known as Ohio No. 33, prescribing practically the same rates. It claims that it had the right to do this by reason of Section 541, General Code, as it existed July 27, 1911, which then provided that all rates, fares, charges, classifications and joint rates fixed by the commission shall be in force and be prima facie lawful for one year “from the day they take effect,” or until changed or modified by the commission, or by an order of a competent court in an action under the provisions of the chapter.'
The original proceeding before the Railroad Commission was one in which all shippers were interested. The inquiry was a general one. The order made by the commission reducing the rate from sixty-five cents to sixty cents from Nelson-ville to Columbus was a general order, and operated not only in favor of the complainant in that proceeding, but of every shipper. Otherwise the original complainant would secure an advantage over other shippers not permitted by the statute. Every “user” affected is entitled by action to secure the benefit of the order made. A. J. Phillips Co. v. Grand Trunk Western Ry. Co., 236 U. S., 662.
The Taylor-Williams Coal Company, plaintiff in error, asserts that by favor of Section 579, General Code, it is entitled to sustain the complaint now before us. That'section provides that claims for overcharges upon a shipment, if not paid in sixty days, may be submitted to the commission by for *230 mal complaint. It provides for notice to the railroad company, for answer, reply, affidavits, hearing and finding. It also provides that the findings shall be certified to the clerk of the court of common pleas of the county where the complainant resides or where any of the company’s offices are maintained. Section 580, General Code, provides for the docketing of the cause, and trial, if the company desires. It is contended that the complaint in the case before us rests on a claim for overcharge under Section' 579. The term “overcharge” is not defined in the statute, but prior to the passage of Section 579, General Code, it had come to have an accepted meaning when used in connection with the subject-matter of that section. The authorities cited in the briefs of counsel sufficiently show that the term means a charge collected above the lawful tariff rate — a charge of more than is permitted by law.
When the Railway Company secured from the court an order suspending the order of the Railroad Commission, and gave the several bonds in accordance therewith, such suspension entitled the company to charge the prior published rate until the disposition of the cause. The charge made under such circumstances is not an overcharge within the meaning of Section 579, General Code. In this connection it must be noted that where a complaint is properly brought under that section for an overcharge, the finding of the commission ' in favor of the complainant is not- a judgment, but merely provides the prima facie evidence in favor of the claim which the statute allows the railway *231 company to contest in the court to which the finding is certified.
In this case, when the Railway Company elected to charge the rate in effect immediately prior to the order of the Railroad Commission, it incurred a liability to refund to each user the amount collected by it from him in excess of the amount which it was authorized to collect; and the bond was given for the purpose of securing that payment. The remedy of each shipper is by action in a court of competent jurisdiction to recover that amount. The question whether a shipper would be entitled to recover only the amount of excess paid by him between the date of the order of the Railroad Commission and March 13, 1913, at which time the Railway Company published a new tariff, or would be entitled to recover the amount of excess paid by him for the entire period between the date of the order of the commission and the final adjudication of the case in this court, would of course be determined in the action referred to.
The only question presented here is whether the complaint filed with the Public Utilities Commission presented a proper claim for overcharge to be ascertained and fixed by the order of that commission.
For reasons above set forth the order of the Public Utilities Commission dismissing the complaint will be affirmed.

Order affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Donahue, JJ., concur.