## G. B. MARKLE CO. v. LEHIGH VALLEY R. CO.

(District Court, E. D. Pennsylvania.   March 29, 1921.)

### No. 7312.

Commerce ☞91—Interstate Commerce Commission may award reparation for damages accruing after filing of complaint.

On a complaint filed with the Interstate Commerce Commission under Interstate Commerce Act, § 13, as amended (Comp. St. § 8581), the Commission has power to award reparation to the petitioner on account of unjust rates paid after the filing of the complaint and to the time of the determination and award, and in an action under section 16 (Comp. St. § 8584[2]) to enforce its award, its finding and order are evidence of the damages accruing after as well as before the filing of the complaint.

At Law.   Action by the G. B. Markle Company against the Lehigh Valley Railroad Company on an award of the Interstate Commerce Commission, tried with two other cases.   Judgments for plaintiffs.

Allen S. Olmsted, 2d, and Wm. A. Glasgow, Jr., both of Philadelphia, Pa., for plaintiff.

Maurice Bower Saul, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.. The parties to this cause waived the right to a trial by jury, and it was accordingly tried by the court. Along with it were tried other cases against the same defendant on the same general facts and raising the same question, as follows: Pardee Brothers & Co., Incorporated, June Sessions, No. 7314; Alan C. Dodson et al., June Sessions, No. 7366. By stipulation the evidence is to be treated as the evidence in each case, except, of course, that bearing upon the sum for which judgment is to be entered.

We have appended to this opinion formal findings of fact and conclusions of law, and restrict ourselves now to a discussion of the questions raised at the trial. There is one main question involved, and that a sharply defined and very narrow one. According as it is ruled, other subsidiary questions may arise. Subject to these the main question is decisive of the whole case. The question raised and discussed may be thus stated:

### Statement of the Question Involved.

Is the report of the Interstate Commerce Commission, awarding reparation to the plaintiff, evidence of that part of the reparation which accrued after the date on which complaint was filed with the Commission?

### History of the Controversy.

The plaintiff was a shipper of coal from the Lehigh district to Perth Amboy. The defendant is the railroad carrier which made the haul. For this the plaintiff was charged at certain rates, which it protested as excessive, and on July 2, 1913, filed a formal complaint asking the Commission to so find, and after finding a rate (all in excess of which was unreasonable) to award reparation to complainant for the unjust rates which the complainant had up to that time paid, and all which it might thereafter pay up to the time of award. The Commission found the sum due by way of reparation covering both the period after complaint made and before. There are other features of the proceedings before the Commission which may bear upon the question involved.

The defendant made answer to the complaint, and the parties went fully into their proofs. In the course of the proceedings the stipulation (which is a usual one) was made that the question of the reasonableness of the rates should be first determined, and the question of reparation and the sum to be allowed to complainant be deferred until this first question was determined. This course was followed, and, the unlawfulness of the rates and complainant's right to reparation having been found, the parties without objection went into the usual investigation to determine the sum which should be awarded to complainant by way of reparation.

An award was made by the Commission, after full argument and the submission of elaborate briefs. There is no doubt, and the finding

is formally made, that the defendant had full notice, and knew what the claim was which was made, and sought to meet it by an effort to reduce the sum to be awarded.

## The Present Action.

The defendant refused to pay the sum awarded, and the plaintiff thereupon brought this suit in conformity with the Act of Congress. At the trial the plaintiff offered the findings of the Commission and its report in evidence, and there (so far as affects the question which we propose to consider) rested. The defendant offered no evidence.

## Discussion.

On this statement of the evidence no question would be raised of the right of the plaintiff to judgment for the full sum claimed, except for the fact (appearing by the evidence), to which we have already alluded, that the sum awarded included reparation for unreasonable rates charged after the filing of the original petition and complaint. If the basis of calculation by which the Commission reached the sum awarded was wrong, this overcomes the legal effect of the report as prima facie evidence that the sum awarded is due, and the finding of the sum due must be made upon the other facts in evidence. Pennsylvania v. Jacoby, 242 U. S. 89, 37 Sup. Ct. 49, 61 L. Ed. 165. If the defendant is right in its contention, the award is for about twice what it should have been.

It is to be observed that we are concerned with two things: One is the award of the Commission; the other, the judgment to be entered in the present action. It is because of this of value to inquire into the nature of each. The acts of Congress recognize two tribunals to which the injured party may apply for redress. One is the Commission; the other is the court. When he applies to the Commission he has the option of limiting the prayer of his petition to the one subject of rates or of adding a prayer for reparation. If he exercises his first choice, and only a rate finding is made, he must then bring his action in the courts, as he would bring any other action, using the finding of the Commission as evidence (as indeed it is the only evidence) of the unreasonableness of the rates, and establishing by other evidence the money measure of his injury. Whatever judgment is recovered in such action is a judgment in all respects as is any other judgment. If the complainant exercises his second choice, by asking for reparation, and it is awarded, the defendant of course may pay the award. If payment is made, the award is to all intents and purposes a judgment, to which the doctrine of res adjudicata is applicable, and the complainant is concluded thereby.

The complainant cannot, however, enforce the collection of the award by execution process. In this respect it is not a judgment. To enforce payment the complainant is driven to his action at law, which is then based upon the award, the only value of which to the plaintiff (other than the finding of unreasonableness) is that the report of the Commission and its findings are made prima facie evidence of the sum due, and he may tax counsel fees as part of his costs. The practical

result is that the award is or is not a judgment as respects the defendant at his election. As respects the complainant, the award is conclusive against him but not in his favor. If the defendant does not accept the award, it is not a finding of the sum due the complainant, but merely evidence of what is due him, which he may offer in an action at law. In other respects, it has only the effect which it would have had, if no reparation had been asked.

The occasion and need for making this disparity between the rights of the parties is obvious. The complainant in the instant case, as has already been stated, asked for and was awarded reparation which the defendant refused to pay, and this action was brought. With the evidence limited as it is to the report of the Commission and its findings, the sole question is that indicated of whether the plaintiff is restricted in its recovery to the amount of the freights paid before the first complaint made to the Commission.

We find ourselves in accord with the general propositions of law upon which the argument of counsel for defendant proceeds. It is the particular proposition, to which the general propositions are urged to lead, which we cannot accept. This proposition is that a complainant before the Commission is limited to the legal injury which he has suffered, and in consequence his prayer for reparation can relate only to the freights he has actually paid within the two years preceding his complaint. If this proposition be sound, it follows that he must file a fresh complaint within every succeeding two-year period. If the Commission were restricted, as the courts are, to causes in which the plaintiff has a legal cause of action, and were subject to all the limitations of procedural law, the proposition advanced might be accepted.

Just here we think is the weak, or rather the missing, link in the chain of the argument. The Commission is wholly the creature of the act of Congress. Primarily it is an administrative body, and although there have been committed to it judicial functions, these are incidental to its main duties, and in the performance of none of its work has it been hampered by any of the requirements of a system of procedural or of pleading forms, except those of the simplest and most necessary character.

The fallacy in the argument addressed to us lies in the assumption that the test of the right to complain to the Commission is the same test which the common law applies to a right or cause of action at law. Every action at law is based upon a legal injury suffered. The damages may be nominal, or they may be substantial; but there must be a legal injury, which has been sustained by the plaintiff, or he has no cause of action. If, therefore, this plaintiff could have brought and sustained an action at law upon the averment that he had paid rates which were unreasonable, he would have been limited in any judgment recovered to what he had averred he had thus paid. In other words, his cause of action (if that were a good cause of action) arose as and when he made the payments. Louisville v. I. C. C., 246 U. S. 638, 38 Sup. Ct. 408, 62 L. Ed. 914.

If the right to complain to the Commission was in this respect of the nature of a right to an action at law, the conclusion we are asked

to draw might well follow; but (and here is the crux of the argument) it is not, and does not even partake of this nature. It is, on the contrary, of a wholly different nature, has an entirely different purpose, and is merely preparatory to the action which may be brought in the courts. It was without doubt devised as a substitute for an action at law, and if there had been no constitutional obstacle in the way would just as surely have been made exclusive. If the test of the right to this remedy were the same as the right to a legal action, such a complainant would be without remedy, or at least any which he could apply. This is for the same reason the complainant is forced to go in the first instance to the Commission. It is because without the finding of unreasonableness he has no legal cause of action, or none which he can prove. His right of action is based upon this, and the only evidence of it is the finding of the Commission. Texas v. Abilene, 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075; Texas v. American, 234 U. S. 138, 34 Sup. Ct. 885, 58 L. Ed. 1255.

At the time of complaint made to the Commission, there is no cause of action in the legal sense, nor is the complaint of a legal injury, because none can be proven until the Commission has acted. The petition, in the first instance, merely avers an offense against the policy of the law on the part of the carrier, in that it is charging unreasonable rates and invokes the jurisdiction of the Commission to so find. It then may add the complaint of an injury to the complainant and ask for an award of reparation. In an untechnical sense the complaint is both of a past and continuing wrong, neither of which is a legal injury in the technical common-law sense. The power of the Commission to function is derived from the act of Congress. The power to inquire into and find what is just reparation is no more dependent upon the existence of an accrued legal right of action at the time the complaint is filed than is the power to find the rates to be unreasonable dependent upon the existence of a legal right of action.

The whole argument of defendant is based upon the thought that the proceedings before the Commission are governed by all the technical rules which apply in a common-law action, and that the award must have all the formalities of a judgment. The thought is born of a wrong conception of what the award is. As already pointed out, it is not a judgment unless the defendant elects to make it such by paying it. If he refuses to pay, it is nothing more than prima facie evidence of the amount of the damages. It may be attacked, as it may be supported, by other evidence. Even in the strictest view of the common-law rights of the plaintiff, all that is required is that what is claimed shall have been due at the time of action brought. The full sum claimed is due before suit is brought at law, so that the defense does not have even technical justification or support.

Our view, however, is that this technical view is not the proper one. The complaint was of a substantial wrong, although not of a technical legal injury. The injurious act was a continuing one, and the relief should be as broad as the wrong. It was therefore logical and proper in the complainant, and as we think in conformity with the act of Congress, to include in his prayer for an award everything past, pres-

ent, and to accrue to which he could prove himself entitled. Inasmuch as the petition might be limited to a finding in respect to rates, or might include reparation, the carrier has 'a right to notice of what is asked, and the scope of the claim for reparation, in order that its fact merits may be met. No special form of this complaint feature of the petition is prescribed. It meets all the requirements, if it gives to the opposing party all the information which will enable him to prepare his defense. The rulings of the Commission and of the courts confirm this. Michigan v. Freight Rates, 27 Interst. Com. Com'n R. 36; Woodward v. Railroad, 15 Interst. Com. Com'n R. 172; Dickerson v. Railroad (C. C.) 187 Fed. 878.

We do not see, under the facts of this case, that the two-year limitation has any special relation to the question raised. It was without doubt the purpose of Congress to protect carriers against stale complaints and claims. To this end the power is withheld from the Commission to entertain complaints which are over two years old. This is a limitation of power or a condition of its exercise, not merely a statute of limitation, which it is the privilege of the carrier to plead, and which may be waived or tolled. Phillips v. Grand Trunk, 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774.

The limitation of the allowance of reparation to cases in which it is asked is likewise a limitation of power. The first is an imperative call upon the complainant to move promptly, but neither of them is any limitation of the power of the Commission to deal with reparation cases in which a complaint has been filed in time. It is, of course, true that the Commission has no power to award reparation on its own initiative, and can only do so on complaint; but after a complaint, such as was filed in this case, has once been filed, there is a complaint before the Commission to meet and cover every unjust exaction, not only those made before the petition was filed, but every one thereafter made, as soon as it is made, just as fully as if a new formal complaint had been filed after every such payment was made.

We find nothing in the act of Congress, under any construction which can be given it, which requires the filing of more than one complaint, if the first one is broad enough to cover, and gives fair notice of, the claim which is eventually allowed, and there is certainly nothing practically gained by mere formal repetitions of claims and notices once given, accepted, understood, and acted upon by the party concerned.

The conclusion reached is that the original petition contained a complaint which justified the Commission in acting, and indeed required it to act, upon the prayer for reparation, and supports the finding which the Commission made. Counsel for plaintiff has other positions upon which he takes his stand with a confidence which may be justified, if the ground upon which we have rested the right of the plaintiff to recover be untenable; but, entertaining the view which we have taken and presented with perhaps unnecessary fullness, we see no need to add to the length of an already overlong opinion by discussing them.

One or two more or less formal matters require disposal. Objections were made to the admission of evidence. These were all made

to raise the question we have discussed. It was impossible to rule these questions as questions of evidence without ruling the question to which the evidence related. Because of this, and because the objections were within the spirit of equity rule 46, we received the evidence subject to the objections. The objections are now formally overruled, the evidence admitted, and exceptions in each and every instance allowed to defendant. Exceptions are also allowed to the answers to requests for findings of fact and conclusions of law, and to the findings made and conclusions reached, and also to the entry of judgment in each case.

The parties can doubtless agree upon the sums for which the judgments are to be rendered in accordance with this opinion, and they will be entered accordingly. To make definite the dates of the judgments, none are now entered; but we retain control of the cases for the purpose of entering judgment, and reserve also the allowance of counsel fees, in order to tax the same as part of the costs.