BERNSTEIN *v.* REID.

Opinion delivered February 20, 1928.

CARRIERS—LOSS OF SHIPMENT—LIMITATION. —Where a bill of lading for an interstate shipment of cotton authorized by U. S. Comp. St., § 8604a, was issued on July 15, 1919, and the cotton was delivered to the consignee in Louisiana on July 23, 1919, a suit for one bale lost in transit brought on November 29, 1921, was barred, since it was not brought within two years and a day as required by the bill of lading.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; reversed.

*Henry Stevens,* for appellant.

*Wade Kitchens,* for appellee.

HART, C. J. Appellant prosecutes this appeal to reverse a judgment against it in favor of appellee for $296.40, the value of a bale of cotton alleged to have been lost in transit in an interstate shipment of cotton.

This was an action by a shipper of cotton under a transportation contract for a shipment of 92 bales of cotton from Magnolia, Arkansas, to New Orleans, Louisiana. Appellee had 92 bales of cotton stored in the warehouse of the Columbia Compress Company in Magnolia, Arkansas, and gave directions for his cotton to be shipped to New Orleans, Louisiana. The compress company loaded the cotton into a car of the railroad company

on one of its tracks near the warehouse. The car containing the cotton was sealed by the railroad company, and it signed the bill of lading presented to it by the compress company. The bill of lading was dated July 15, 1919, and contained a condition on the back of it which reads as follows:

"Except where the loss, damage, or injury complained of is due to delay or damage while being loaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export), or, in case of failure to make delivery, then within six months (or nine months, in case of export traffic), after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The cotton was consigned to H. R. Gould Company, New Orleans, Louisiana, and was delivered to that company on the 23d day of July, 1919. The seals had not been broken on the car when the cotton was delivered to consignee, but, when the cotton was unloaded from the car, it was ascertained that there were only 91 bales in it. Notice that one bale was missing was given to the railroad company, but it refused to make payment for the cotton. Hence this lawsuit.

One of the defenses to the suit is that it was not brought within the time provided by the act of Congress regulating interstate shipments. The act of Congress in question provides for bills of lading to be issued by the carrier receiving the property for transportation from one State to another, and contains a proviso which reads as follows:

"Provided, further, that nothing in this section shall deprive any holder of such receipt or bill of lading of any

remedy or right of action which he had under the existing law; provided, further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise, a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years; provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery. (24 Stat. 386; 34 Stat. 595; 38 Stat. 1196; 39 Stat. 411)." See United States Compiled Statutes, Annotated, vol. 8, § 8604a, p. 9291.

The proviso also copied in the bill of lading was made pursuant to this act. The bill of lading for the cotton was issued by the railroad company on July 15, 1919, at Magnolia, Arkansas, and the cotton was delivered to consignee at New Orleans, Louisiana, on July 23, 1919. The present suit was not instituted until November 29, 1921.

In *A. J. Phillips Co.* v. *Grand Trunk Western Ry Co.*, 236 U. S. 666, 35 S. Ct. 444, 5 L. ed. 774, the fact was that all claims for the recovery of damages for overcharges were not brought within the time prescribed by the act of Congress. It was contended, however, that the case was to be governed by the Michigan rule, which did not permit a defendant to take advantage of the statute of limitations by a general demurrer to the declaration. The Supreme Court of the United States denied the contention, however, and in discussing the question said:

"But that rule does not apply to a cause of action arising under a statute which indicates its purpose to prevent suits on delayed claims, by the provision that all complaints for damages should be filed within two years, *and not after*. Under such a statute the lapse of time not only bars the remedy but destroys the liability (*Finn* v. *United States*, 123 U. S. 227, 232, 8 S. Ct. 82, 31 L. ed. 128), whether complaint is filed with the Com-

mission or suit is brought in a court of competent jurisdiction. This will more distinctly appear by considering the requirements of uniformity, which, in this as in so many instances, must be borne in mind in construing the commerce act.''

To the same effect see *Missouri, Kansas & Texas Ry. Co.* v. *Harriman,* 227 U. S. 657, 33 S. Ct. 397, 57 L. ed. 690. This declaration of the law regulating interstate shipments, by the Supreme Court of the United States, is of controlling force, because it is the tribunal of ultimate authority for the settlement of the question.

This court, however, has announced the same rule in the case of *Farr* v. *St. Louis Southwestern Ry. Co.,* 154 Ark. 585, 243 S. W. 800. The second syllabus contains the gist of the holding of the court on the question, and reads as follows:

''In an action by a shipper against a connecting carrier for damages from delay and neglect as to a shipment which the shipper received from the initial carrier, a bill of lading providing that, 'except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness, or negligence, as condition precedent to recovery, claims must be made in writing to the originating or delivering carrier within six months after reasonable time for delivery has elapsed, and suit for loss, damage or delay shall be instituted within two years and a day after a reasonable time for delivery has elapsed, *held* that suit must be brought within two years and a day, as the exception relates only to the written notice of the claim.''

It follows that the judgment of the circuit court must be reversed; and, inasmuch as the undisputed evidence shows that the right of action was barred because not brought within two years, the cause of action will be dismissed here. It is so ordered.