### THE ARGENTINO.
### BUXTON LIMITIDA, S. A., v. REDERI
### et al.

District Court, S. D. New York.
June 7, 1939.

Bailey & Muller, of New York City (Julius F. Steinbrenner, of New York City, of counsel), for libelant.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for respondents.

LEIBELL, District Judge.

Claimants and respondents move for an order "dismissing the libel on the ground

that the said libel was not filed within the time limited by law for the commencement of an action thereon." The libel is for damages to a shipment of eight automobiles transported on the S. S. "Argentino" from the port of New York to the port of Buenos Aires, Argentina. It is alleged that the automobiles were not delivered in like good order as when shipped. The bill of lading contained the following clause: "8A. Written notice of claim for loss or damage must be given to this carrier or its agent at the port of discharge, or to the delivering carrier or its agent at the port of ultimate destination, before removal of the goods, except in case of concealed loss or damage, in which written notice of claim must be so given within 10 days after removal of the goods. All claims for loss or damage or delay in delivery must be presented in writing to the carrier liable therefor or his agent at the port of discharge or at the port of ultimate destination within 30 days after delivery of the cargo, and unless such claim is presented as above provided, it shall be deemed to have been abandoned and no suit shall thereafter be maintainable to recover the same. In any event the carrier and the ship shall be discharged from all liability in respect of loss, damage or delay unless suit therefor is brought within six months after delivery of the goods or within six months after the date when the goods should have been delivered. Nothing shall be deemed a waiver of any of the provisions of this clause except a written express waiver signed by the carrier. It is mutually agreed that the Courts of the United States of America shall have exclusive jurisdiction of all suits, proceedings and litigations arising in connection with this bill of lading."

The shipment of automobiles arrived at Buenos Aires and were delivered on March 29, 1937. Notice of the damage was properly given by libelant at Buenos Aires in a letter addressed to Moore & McCormack at Buenos Aires on April 1, 1937. A notice of claim for $582.53, in the form of a letter, was given April 28, 1937. Apparently the claim and the records relating thereto were forwarded to New York where William Stevens, who was duly authorized to adjust the matter for libelant, and E. N. Smith, who is the General Claim Agent of the respondent in New York City, conducted negotiations for a settlement.

On March 8, 1938, while these negotiations were pending, an assistant to Mr. Stevens wrote Mr. Smith a letter in which he stated: "If payment may not be anticipated within the next ten days kindly be good enough to grant me an extension of time up to and including April 24, 1938." On March 23, 1938, Mr. Stevens' assistant called upon Mr. Smith and discussed the claim and told Mr. Smith that the time to sue would expire in a few days. Mr. Smith stated that the steamship company would not take advantage of the one-year statutory limitation (46 U.S.C.A. § 1303 (6) and that the time to sue would be extended during the investigation of the claim and negotiations for its settlement. On April 2, 1938, Mr. Smith wrote that in his opinion the damage was caused by extremely heavy weather and suggested a settlement at $100. Libelant's agent on April 6, 1938, made a counter offer. April 15, 1938, Mr. Smith wrote he was unable to increase the offer. April 19, 1938, Mr. Stevens' assistant wrote Mr. Smith for a copy of the ship's log and asking for confirmation of the extension of time to sue. Follow up letters were sent on May 6th and 25th, June 22nd and July 11th. On June 24, 1938, Mr. Smith wrote that he had referred all papers to the Shipowners Claim Bureau, Inc., for further attention, and on July 27, 1938, he wrote that the Bureau had returned all papers declining liability. The original documents which had been given to Mr. Smith by libelant's agent, in connection with his consideration of the claim, were returned by Mr. Smith on July 27, 1938.

Mr. Stevens then forwarded the papers to libelant's proctors who acted expeditiously and prepared papers and filed a libel on August 16, 1938. Respondent's proctors procured numerous extensions of time to answer, and finally on May 5, 1939, obtained an order to show cause on which this motion is based.

Three questions are raised by respondents. Could respondents waive the one-year time limitation under the statute? Could any such waiver be oral, in view of the condition in paragraph 8A of the Bill of Lading that any waiver of that clause had to be in writing, signed by the carrier? Was Mr. Smith authorized to make such waiver on behalf of the respondents?

Libelant's answering affidavits set forth the facts relating to the negotiations as

recited above, and Mr. Stevens' assistant, Mr. Werner, concludes his affidavit with this statement: "I aver that the only reason that suit was not commenced within the one year period was because Mr. Smith had agreed to extend the time to sue prior to the time the year had elapsed. I further aver that Mr. Smith and your deponent have had dealings for a longer period of time in which such agreements to extend have been customary."

Answering the last question first, I am of the opinion that there is at least an issue of fact as to Mr. Smith's authority to make the waiver for the carrier, which should be reserved for the trial and should not be determined on this motion.

As to the second question, it should be noted that the provision of paragraph 8A of the bill of lading for a six-months limitation on suit was ineffective as to time because it conflicted with the provisions of The Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303 (6), fixing a one year limitation. However, I am of the opinion that the bill of lading provision as to "a written express waiver by the carrier" is not affected, and that the one-year requirement would be substituted in clause 8A in place of the six months provision, the rest of the clause remaining unchanged.

If parties can agree orally to a waiver or modification of the provisions of a written contract, I do not see why that waiver cannot include a provision of the original contract requiring that any waiver of one of its clauses must be in writing. Teer v. George A. Fuller Co., 4 Cir., 30 F.2d 30. If such a waiver is in fact orally made and one of the parties has relied upon it and changed its position, as libelant did here in not promptly instituting his suit and in waiting for respondents to pass upon the claim, it seems to me that the party who has made the oral waiver is estopped from pleading as a defense to the claim a contract provision requiring the waiver to the time limitation to be in writing.

As to the first question, respondent urges that it would be against public policy to permit in any way any extension of the one year limitation period for suits. I don't think it would; but I have not the slightest doubt that it would most decidedly be against public policy and thoroughly inequitable to permit any such practice as is here disclosed to relieve the respondents from liability, if such liability otherwise exists.

In support of its contention respondent points to the provisions of 46 U.S.C.A. § 812 (Fourth) and § 815 (First) and contends that a waiver of the one year limitation on suit, would be a discriminatory contract or arrangement and give libelant an unreasonable preference and advantage, by relieving libelant from the effect of § 1303 (6)—all contrary to the public policy expressed in those sections of the Act. Respondent cites certain cases—A. J. Phillips Co. v. Grand Trunk Western R. Co., 236 U.S. 662, 667, 35 S.Ct. 444, 59 L.Ed. 774; Georgia, F. & A. R. Co. v. Blish Milling Co., 241 U.S. 190, 197, 36 S.Ct. 541, 60 L. Ed. 948, relating to time limitation for suits on railroad bills of lading and the federal statute governing such provisions in respect to shipments in interstate commerce. But in a later case, Chesapeake & Ohio R. Co. v. Martin, 283 U.S. 209, 222, 51 S.Ct. 453, 458, 75 L.Ed. 983, the court states: "Whether under any circumstances the shipper may rely upon that doctrine [of estoppel] in avoidance of the time limitation clause of the bill of lading, we need not now determine."

Granting the libelant the right to maintain his suit despite the time limitation provision in 46 U.S.C.A. § 1303(6) would not on the facts in the present case "open the door for evasions of the spirit and purpose of the act to prevent preferences and discrimination in respect of rates and service." Chesapeake & Ohio R. Co. v. Martin, supra. If we are limited to a choice between the public policy expressed in the Act and the policy of justice and equity which is supposed to find expression in every judicial decision, then I feel constrained to make the latter choice. As I see it, the public policy of the Act is not so inexorable and arbitrary in its application as to countenance and protect double dealing, fraud or entrapment, such as we may have here. The request for a written extension of time was made by letter March 8th, 1938, and repeated verbally on March 23, 1938. Assurance of the extension was then verbally given. Both parties by their conduct during the next few months recognized the existence of such extension. Respondent through its agents was still investigating and considering the claim. Offers of settlement were thereafter made and discussed. The claim was sent to the Shipowners' Claim Bureau,

Inc., for further attention and it was not until July 27, 1938, that it was finally rejected. Even at that time no question was raised that an action had not been brought within the one year time limitation of the statute. The present suit was started August 16th, 1938. In my opinion there should be reserved for the trial of the action, the issue of whether the special circumstances in this case constitute an estoppel in avoidance of the time limitation clause of 46 U.S.C.A. § 1303(6), above mentioned.

Motion denied, without prejudice to a determination of the alleged defense at the trial, if it is pleaded in the answer when served. Submit order on notice.