CHICAGO, R. I. & P. RY. CO. et al. v. BLACK, SIVALLS & BRYSON, Inc.

No. 31021. Feb. 29, 1944.

Rehearing Denied April 4, 1944.

Application for Leave to File Second Petition for Rehearing Denied April 18, 1944

147 P. 2d 455.

W. R. Bleakmore, of Oklahoma City, for plaintiffs in error.

Lloyd Harding and Shirk, Gilliland, Ogden, Withington & Shirk, all of Oklahoma City, for defendant in error.

RILEY, J. Two actions were commenced by Black, Sivalls & Bryson, Inc., a corporation, herein referred to as plaintiff, against the Chicago, Rock Island & Pacific Railway Company, a corporation, and its trustees. The two cases were consolidated for trial. Trial was had without a jury. Judgment was for plaintiff for the amount sued for, and defendants appeal.

The causes of action grew out of and are based upon certain orders of the Interstate Commerce Commission entered about July 3, 1934, establishing reparation awards for freight charges, above the legal rate, made by defendants in the transportation of material and tank cars for plaintiff. The awards were for definite sums and for interest. The principal of the awards was paid. Failure of defendants to pay the interest on said awards is the basis of this action.

The Act of Congress under which the awards were made (49 U.S.C.A. § 16, paragraph 3 (f), provides:

"A petition for the enforcement of an order of the Commission for the payment of money shall be filed in the District Court or the State court within one year from the date of the order, and not after."

These actions were not commenced within one year after the date of the awards of the Interstate Commerce Commission.

Plaintiff's petition, after alleging that defendants had paid the principal amount of said reparation awards, alleged:

"That at all times herein mentioned, one Thomas F. King was acting as attorney and agent for the defendant, and that the said Thomas F. King, while acting as such agent, entered into an agreement with this plaintiff, wherein and whereby it was agreed that interest on the said reparation awards was to be waived and foregone by this plaintiff . . . in the event the defendant was able to secure a similar agreement from all other reparation claimants, and plaintiff and the said agent, King, further agreed that in the event interest was paid to any of the other complainants in the said other proceedings, interest would also be paid this plaintiff."

The petition then alleged that evidencing said agreement, on February 20, 1935, said King wrote plaintiff a letter in which he stated:

"This will acknowledge receipt of your letter of February 15, regarding payment of reparation in I.C.C. Docket 18970. I have instructed our auditing department to make payment as outlined in your letter.

"On page 2 of your letter you state:

" 'We are waiving this interest with the positive knowledge that several large and influential shippers have been paid all principal and interest in full on their claims grouped in the same cases as this one.'

"The only award that I know of that has been paid in full in these cases is that paid by the Southern Pacific to your company in the sum of approximately $72.00. All the awards in these cases that have been paid to date have been on the compromise basis of 100 per cent on the principal with cancellation of interest. And, furthermore, they have all been on the condition, that if a more favorable settlement is accorded any other complainant without the institution of suit, the compromise would be readjusted to effect the basis of the more favorable settlement accorded such other complainant. If you know of any complainant in these cases who has been paid more than 100 per cent of the principal, I would appreciate it if you would advise me to that effect, and I will, of course, see that your company is accorded the same treatment.

"As I advised you heretofore, all the southwestern carriers were in accord in the handling of these cases, and if some shippers have been treated in a manner different from others, I would appreciate being so informed."

— and a letter from King dated June 8, 1935, received by plaintiff, wherein he stated:

"I have your letters of June 4 and 6 regarding time within which reparation must be made in I.C.C. Docket 19784.

"I have advised the various carriers the time liimt you have set and trust they will be able to complete payment by that time. However, the question of whether or not the southwestern carriers are bound by the limitation period after they have come to an agreement with complainants was discussed by committee of counsel of southwestern carriers some time ago, and it was the opinion of the attorneys that after a compromise agreement has been reached to pay reparation awards, the awards merge into the agreement, and if any difficulty arose the complainants would have the right to sue on the contract to pay. I am of that belief and do not think the time limit set in the award could be a bar to the payment after a compromise settlement has been reached.

"I trust the carriers will be able to effect payment before June 15, and I also trust it will not be necessary to institute suit on these awards."

The petition then alleged that plaintiff relied upon said representations and did waive all interest on said reparation awards and that said interest would not have been waived but for the agreements of defendants' agent

King to pay plaintiff interest in the event that interest was paid to any other claimant; that defendants did pay other claimants the full amount of their claims plus interest and that under said agreement plaintiff is entitled to receive from defendants interest on the amount of said reparation awards computed at 6% per annum from the respective dates of each overpayment of freight.

Defendants demurred upon the ground that the petitions as amended did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendants, and upon the further ground that the amended petitions showed upon their faces that the alleged causes of action were barred by the one-year statute of limitations in the Interstate Commerce Act, 49 U.S.C. A. § 16, para. 3(f). The demurrers being overruled, defendants answered, and judgment was for plaintiff. Defendants first contend that the court erred in overruling defendants' objection to the introduction of any evidence.

It must be conceded that an action to recover interest based upon the awards alone was barred by the one-year statute of limitations; so, unless the petitions pleaded a valid and sufficient contract for the payment of interest, the demurrers should have been sustained.

Conceding that the letters relied upon constitute a contract in writing for the payment of interest on the awards involved, the question turns on whether the limitation imposed by paragraph 3(f) of the Act of Congress, supra, can be waived or extended by express agreement made before the period ends.

In A. J. Phillips Co. v. Grand Trunk W. R. Co., 236 U. S. 662, 59 L. Ed. 774, 35 S. Ct. 444, the Supreme Court of the United States held that the objection to the timeliness of the shipper's suit properly was raised by demurrer, and said:

". . . the lapse of time . . . destroys the liability . . . whether complaint is filed with the Commission or suit is brought in a court of competent jurisdiction."

Whether the limitation imposed by section 16 (3)(a) of the act, supra, as applied to a carrier in an action to recover from the shipper the full amount of freight charges can be waived by express agreement made before the period ends, was before the Supreme Court of the United States in Mid State Horticultural Co. v. Pennsylvania R. Co., 320 U. S. 356, 64 Sup. Ct. 128, 88 L. Ed. 83. In that case, three days before the term expired for suing on the first shipments involved, the shipper entered into an agreement with the carrier which provided:

"Now, therefore, in consideration of the forebearance (sic) of The Pennsylvania Railroad Company to bring such a suit against the Mid State Horticultural Company, Inc. prior to October 28, 1935, the said Mid State Horticultural Company, Inc. hereby agrees that if and when The Pennsylvania Railroad Company may find it necessary to bring such an action, it, the said Mid State Horticultural Company, Inc., will not plead in any such suit the defense of any general or special statute of limitations. . . ."

Two months later, but within the specified time, after the shipper finally declined to pay, the carrier commenced the action. At all stages of litigation the shipper contended that the statute prohibited the maintenance of the action, notwithstanding its agreement.

With respect thereto, the court said:

"We think the petitioner's (shipper's) position must be sustained. In short, this is that the agreement is invalid as being contrary to the intent and effect of the section and the Act."

The applicable provision of the Act of Congress is paragraph 16 (3) (a) of the Interstate Commerce Act, and provided:

"All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after."

With respect to the decisions construing section 16 of the act, supra, the court said:

"With the one exception, the decisions have fixed the pattern, in respect to a variety of issues relating to application of the limitations, that lapse of the statutory period 'not only bars the remedy but destroys the liability.' That is true of this court's decisions and those of the inferior federal courts. It is true of suits by shippers against carriers and of suits by carriers against shippers."

That case holds that the expiration of the time limit fixed by paragraph 16 (3)(a) of the Interstate Commerce Act for the bringing of actions by carriers for recovery of their charges does not merely bar the remedy but extinguishes the right, and therefore cannot be waived by express agreements made before the period ends.

As above pointed out, it is said that this is true of suits by shippers against carriers, and of suits by carriers against shippers.

The plaintiff in this action contends that the action is brought upon a written contract consisting of letters exchanged by the parties and not upon the separate awards. However, it is an action to recover interest on the amount of the awards. In L. & N. R. Co. v. Sloss-Sheffield Co., 269 U. S. 217, 46 S. Ct. 73, it is said:

"It has been the uniform practice of the Commission to recognize as an element of the damages loss of interest on the charges unlawfully exacted; and in awarding reparation it has usually included as a part of the damages such interest from the date of payment."

The alleged contract amounts to nothing more than a promise and agreement to pay interest on the amount of the award, without respect to the period of limitation imposed by the act. It is no more binding on the defendant railroad company than was the agreement to waive or not plead the general or special statute of limitations in the Mid State Horticultural Co. Case, supra. It could not, under the decision in the latter case, extend the right of plaintiff to commence and maintain its action to recover interest beyond the time fixed by the Act of Congress.

Under the rule stated in the A. J. Phillips Co. v. Grand Trunk W. R. Co., supra, and Mid State Horticultural Co. v. Pennsylvania R. Co., supra, it was error to overrule the demurrers of defendants to the plaintiff's petitions. It is unnecessary to consider other questions presented.

Reversed, with directions to dismiss.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.