## ROGAN et al. v. ESSEX COUNTY NEWS CO., Inc.

### No. 3123.

District Court, D. New Jersey.

Feb. 6, 1946.

ments except upon a clear showing that the statutory requirements have been met. It is because of the complete absence of such a showing that we must refuse to enter the proposed final judgment.

Thomas L. Parsonnet, of Newark, N. J., for plaintiffs.

William J. Egan, of Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for the recovery of unpaid overtime compensation. The asserted claims having been settled, as evidenced by certain releases, the parties join in the present application for the entry of a "final judgment." The proposed judgment is significantly not supported by either proof or a stipulation of facts.

It seems reasonably apparent that the parties seek nothing more than the court's approval of a settlement which has been privately negotiated and consummated, and of which the court has no knowledge. The proposed "final judgment," which is patently devoid of either findings of fact or conclusions of law, can have no other purpose.

We direct the attention of the parties to the case of Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 704, 65 S.Ct. 895, 900, in which it was held "that a statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy. Midstate Horticultural Co. v. Pennsylvania R. Co., 320 U.S. 356, 361, 64 S.Ct. 128, 130, 88 L.Ed. 96; Phillips Co. v. Grand Trunk R. Co., 236 U.S. 662, 667, 35 S.Ct. 444, 446, 59 L.Ed. 774. Cf. Young v. Higbee Co., 324 U.S. 204 [212], 65 S.Ct. 594. Where a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged or colored with the public interest will not be allowed where it would thwart the legislative policy which it was designed to effectuate."

It is our opinion that where, as here, the public interest, as well as the rights of the private litigants, must be protected, the District Court should deny its authoritative approval of private settle-