## INSURANCE CO. OF NORTH AMERICA
v.
## UNITED STATES.
No. 594–53.

United States Court of Claims.
June 8, 1954.

Robert B. Ely III, Philadelphia, Pa., for plaintiff.

John F. Wolf, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This is a suit on one of the French Spoliation Claims.

The French Spoliation claims grew out of the depredations of French cruisers upon our commerce, and from the judgments of French prize courts. These claims could have been enforced against France only by our Government either through diplomacy or through a declaration of war.[1]

France claimed that the United States had violated a previous treaty which in return for help rendered to the United States had given to France certain exclusive privileges in merchant commerce; that the United States had violated the rights granted to France in this treaty by a later treaty with England granting England privileges in conflict therewith. On this as a basis she captured certain of our merchant vessels and damaged others. Our citizens thus had claims against France.

By the Treaty of 1800, 8 Stat. 178, France released all claims against the United States for any asserted violation under previous treaties and in return the United States agreed to release all the claims which its citizens might have against France.

1. Blagge v. Balch, 162 U.S. 439, 454, 16 S.Ct. 853, 40 L.Ed. 1039.

The citizens of the United States who claimed to have been damaged by the depredations of the French Government filed claims against the United States. Among these claims was that of plaintiff, an insurance company, which apparently had insurance on some of the vessels that had been injured or destroyed. For a period of some 85 years repeated efforts were made to secure a settlement of these claims.

Finally in 1885 Congress passed the French Spoliation Act, 23 Stat. 283. This act in effect authorized the United States Court of Claims to examine and determine the validity and amount of any claims of citizens of the United States for any illegal captures, retentions, seizures or confiscations. It further provided that the court should report its findings of fact and conclusions of law as to the liability of the United States for the payment of such claims. The act further provided that "Such finding and report of the court shall be taken to be merely advisory as to the law and facts found, and shall not conclude either the claimants or Congress; * * * and nothing in this act shall be construed as committing the United States to the payment of any such claims".

Proceeding under the act the Court of Claims, as reported in Cushing v. United States, 22 Ct.Cl. 1, filed the following conclusions of law:

"The court finds as conclusions of law that said seizure and condemnation were illegal, and the owners and insurers had valid claims therefor upon the French Government prior to the ratification of the convention between the United States and the French Republic, concluded on the 30th day of September, 1800, and were entitled to the following sums: [listing claims and amounts].

"That said claims were relinquished to France by the Government of the United States by said treaty in part consideration of the relinquishment of certain national claims of France against the United States."

The plaintiff filed its claims with the court which in turn included them in reports to the Congress. The Congress in a series of appropriations paid the individual claims, but did not pay the claims of insurance companies.

Defendant asserts that the claims of the plaintiff and other claims are barred by the statute of limitations. The plaintiff asserts that it had no adequate remedy until the enactment of the Declaratory Judgment Act of 1948, 62 Stat. 964. The pertinent portion of that act is as follows:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.A. § 2201.

Plaintiff asserts that it exhausted all the remedies which were made available to it; that it presented its claim under the act of 1885; that it was favorably reported to the Congress; that numerous bills were introduced for the payment of this and other similar claims, but were not passed by the Congress. The plaintiff further contends that there are two classes of cases recognized in connection with limitation statutes: that they may be right-barring or action-barring. The plaintiff further contends that the claim here presented arises under the Fifth Amendment, and that therefore the Court of Claims has jurisdiction of this claim and the right to render judgment upon it, and that the act of 1948 from which we have quoted affords the plaintiff for the first time a remedy for a right recognized under the Constitution.

The entire issue hinges upon whether the act of 1948 affords plaintiff a remedy in this type of case.

It seems to us that in order to stretch the application over a hiatus of 150 years would require a clear intention on the part of the Congress to waive the statute of limitations. We are unable to find within the four corners of the act of 1948 such clear intention. The plaintiff asserts that the act of 1948 gives the United States Court of Claims and other courts the right to enter a final judgment or decree in any case of actual controversy within its jurisdiction, and that clearly under the Fifth Amendment our court has jurisdiction.

Section 2401 of Title 28 United States Code reads as follows:

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. * * *"

The pertinent portion of section 2501 of Title 28 United States Code states:

"Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, or the claim is referred by the Senate or House of Representatives, or by the head of an executive department within six years after such claim first accrues."

Not only our court but other courts, including the Supreme Court, have held that the 6-year statute of limitations governing suits against the defendant is jurisdictional. We quote from the opinion in the case of Carpenter v. United States, 2 Cir., 56 F.2d 828, 829, as follows:

"We prefer to make the fact that no suit was brought within six years after the fence was built the decisive feature. There certainly was no taking of property after the fence was constructed. The right to sue created by the statute under which the action was brought contains a time limit of six years, which is a condition upon the right created. Unlike a statute of limitations, it need not be pleaded in defense.

Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128; Phillips Co. v. Grand Trunk Western R. Co., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774; Central Vermont Ry. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252. The plaintiff therefore had no cause of action against the United States in 1929."

The authorities are uniform that in Tucker Act cases the 6-year statute need not even be pleaded; that it may be raised at any time in the proceedings, and that it is jurisdictional. Under the clear wording of the statute and as interpreted in a long line of decisions, we have no jurisdiction of a claim which accrued more than six years prior to the filing of the petition. Concededly this claim accrued more than six years prior to the date on which the petition was filed. This is a matter which is in the discretion of the Congress. We can find no language in any of the acts which have been passed which shows an intention on the part of the Congress to waive the statute of limitations in this case, nor any language in any general renewal statute under which the claim might be presented.

Plaintiff moves the court to consolidate these proceedings with certain prior proceedings of this court in connection with this claim. It is contended that the previous proceedings were more than advisory, that they actually determined the right to recover and that it merely remains under the power given this Court under the act of 1948 to declare these rights, determine the amount of interest to be paid, and render judgment.

It would be difficult in view of the wording of the act of 1885, from which we have quoted, to make a finding that Congress intended by that act to authorize the court to go further than to make a recommendation or to act in an advisory capacity. Certainly it was made clear that the court was not given authority to commit the defendant to the payment of the claims.

Plaintiff's claim has been presented by counsel with thoroughness and skill, but we can find no sufficient basis for granting the motion to consolidate, nor for holding that we have jurisdiction to pass upon the merits of the claim at this time.

The motion to consolidate is denied.

Defendant's motion is granted, and the petition is dismissed.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, JJ., concur.